■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE BRANCH-EL, Also Known as ANDRE BRANCH, Also Known as DRE, Appellant. [784 NYS2d 225]—

Mugglin, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered November 6, 2002, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

In satisfaction of a six-count indictment, defendant pleaded guilty to murder in the second degree and was thereafter sentenced to a prison term of 20 years to life. At sentencing, following a bench conference with counsel, County Court also ordered defendant to pay restitution in the amount of $2,000 to cover the cost of the victim's funeral expenses. Defendant now appeals.

Defendant contends that while his plea allocution satisfied the elements of the crime of manslaughter in the second degree, it was insufficient to satisfy all of the elements of the crime of murder in the second degree. Initially, having failed to move to withdraw his plea or vacate the judgment of conviction, defendant is precluded from challenging the factual sufficiency of the plea (*see People v MacCue*, 8 AD3d 910, 911 [2004], *lv denied* 3 NY3d 708 [2004]; *People v Smith*, 2 AD3d 1057, 1058 [2003], *lv denied* 2 NY3d 746 [2004]) and, as " 'significant doubt upon . . . defendant's guilt' " does not exist, the narrow exception to the preservation rule is not applicable here (*People v Meyer*, 1 AD3d 636, 637 [2003], quoting *People v Lopez*, 71 NY2d 662, 666 [1988]). In any event, defendant's responses to County Court's questions established the reckless element of murder in the second degree (*see People v MacCue, supra* at 911; *People v Smith, supra* at 1058).

With respect to defendant's challenge to the payment of restitution, we note that, despite defendant's waiver of appeal, the propriety of the restitution order is properly before us since the "waiver clearly was predicated upon the imposition of the agreed-upon sentence and should not be enforced where the sentence imposed is contrary to such agreement" (*People v Nichols*, 276 AD2d 832 [2000]). Turning to the merits, since the plea agreement did not mention restitution, County Court should have given defendant the opportunity at sentencing to either withdraw his plea or accept the enhanced sentence (*see People v Harrington*, 3 AD3d 737, 738 [2004]; *People v Neu*, 1 AD3d 798, 798 [2003]). Although defendant agreed to the payment of restitution here, County Court never gave defendant any option to do otherwise; this matter must therefore be remitted to County Court for that purpose (*see People v Neu, supra* at 799; *People v Toms*, 293 AD2d 768, 769 [2002]).

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.