■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH J. SNYDER, Appellant. [803 NYS2d 779]—

Lahtinen, J. Appeals (1) from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered March 10, 2003, convicting defendant upon his plea of guilty of the crime of rape in the second degree, (2) from a judgment of said court, rendered March 10, 2003, convicting defendant upon his plea of guilty of the crime of arson in the third degree, and (3) from a judgment of said court, rendered March 10, 2003, convicting defendant upon his plea of guilty of the crime of sodomy in the second degree.

In satisfaction of three separate indictments, defendant pleaded guilty to the crimes of rape in the second degree, arson in the third degree and sodomy in the second degree. In accordance with the plea agreement, defendant waived his right to appeal and was sentenced as a second felony offender to concurrent prison terms of 3¹/₂ to 7 years on the sodomy conviction, 3¹/₂ to 7 years on the rape conviction and 4¹/₂ to 9 years on the arson conviction. At sentencing, County Court also ordered defendant to pay $10,991.92 in restitution as part of defendant's sentence for the arson conviction. On appeal, we granted the application of defendant's counsel for leave to withdraw but withheld decision after our review of the record revealed that County Court's restitution order implicated a potentially nonfrivolous issue (10 AD3d 813 [2004]) with respect to the arson conviction.

Having been assigned new counsel, defendant argues that County Court erred by ordering defendant to pay restitution on the arson conviction without offering him the opportunity to withdraw his plea or accept the enhanced sentence. We agree. "Where, as here, a plea agreement does not include mention of restitution, a defendant must be given the opportunity to either withdraw his plea or accept the greater sentence of restitution" (*People v Toms*, 293 AD2d 768, 769 [2002] [citation omitted]; *accord People v Neu*, 1 AD3d 798, 798 [2003]; *see People v Branch-El*, 12 AD3d 785, 786 [2004], *lv denied* 4 NY3d 761 [2005]).

Inasmuch as there is no indication here that restitution was ever made a part of the plea agreement on the arson charge and County Court subsequently failed to give defendant the option of withdrawing his plea or accepting the greater sentence, remittal is required on the arson charge for that purpose or,

alternatively, the imposition of the sentence promised (*see People v Toms*, 2 AD3d 897, 898 [2003]; *People v Neu*, 1 AD3d 798, 799 [2003]). Contrary to the People's assertion, defendant's failure to preserve this issue by objecting at sentencing is not fatal to his claim (*see People v Branch-El, supra* at 786; *compare People v Sartori*, 8 AD3d 748, 749 [2004]). Finally, although defendant did not request a hearing on restitution, we determine that one is required because the amount set by County Court is not sufficiently supported by the record (*see* Penal Law § 60.27 [2]; CPL 400.30; *People v Consalvo*, 89 NY2d 140, 144-146 [1996]; *People v Harrington*, 3 AD3d 737, 739 [2004]).

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the judgment convicting defendant of the crime of arson in the third degree is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed. Ordered that the judgments convicting defendant of the crimes of rape in the second degree and sodomy in the second degree are affirmed.