■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE BRANCH-EL, Appellant. [842 NYS2d 104]—Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered November 23, 2004, which resentenced defendant following his conviction of the crime of murder in the second degree.

In satisfaction of a multicount indictment, defendant pleaded guilty to murder in the second degree and waived his right to appeal. Under the terms of the plea agreement, he was to be sentenced to 20 years to life in prison. County Court imposed this sentence, but also ordered defendant to pay restitution. Defendant appealed and this Court found that restitution was improperly imposed because it was not a part of the plea agreement (12 AD3d 785 [2004], lv denied 4 NY3d 761 [2005]). Consequently, this Court vacated the sentence and remitted the matter to County Court (id.). County Court thereafter resentenced defendant to the same term of imprisonment without restitution. Defendant reaffirmed his waiver of appeal during these proceedings. He now appeals.

Appellate counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal. Based upon our review of the record and counsel's brief, we agree. Defendant entered a knowing, voluntary and intelligent guilty plea and waiver of the right to appeal, which he reaffirmed during the resentencing proceedings. Therefore, the judgment is affirmed and counsel's application for leave to withdraw is granted (see People v Cruwys, 113 AD2d 979 [1985], lv denied 67 NY2d 650 [1986]; see generally People v Stokes, 95 NY2d 633 [2001]).

Mercure, J.P., Peters, Mugglin, Rose and Kane, JJ., concur.

Ordered that the judgment is affirmed, and application to be relieved of assignment granted.