■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JON J. SAWYER, Appellant. [865 NYS2d 378]—

Spain, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered November 21, 2006, convicting defendant upon his plea of guilty of the crimes of grand larceny in the fourth degree and forgery in the second degree (two counts).

Defendant was charged in an August 2006 superior court information (hereinafter SCI) with grand larceny in the fourth degree related to welfare fraud and two counts of forgery in the second degree for forging a signature on two checks drawn upon a closed account. He appeared in County Court, waived indictment, and was in the process of entering a guilty plea and waiving his appeal rights when the court vacated his plea due to uncertainty as to whether his conduct constituted forgery. A second SCI was filed in September 2006, charging three additional counts of forgery in the second degree. Defendant appeared in County Court, waived indictment, and entered a guilty plea to grand larceny in the fourth degree and two counts of forgery in the second degree in satisfaction of both SCIs; he also signed a written waiver of appeal which he reaffirmed during the plea colloquy. County Court thereafter sentenced defendant as a second felony offender to the agreed-upon consecutive prison terms of 2 to 4 years on the larceny count and $3^{1}/_{2}$ to 7 years on each of the forgery counts, all to be served at Willard Drug Treatment Center. At sentencing, the court ordered restitution in the amount of $10,527.70 covering approximately 48 different checks and the welfare fraud, which the court reduced to a civil judgment, later amended after entry of the judgment of conviction. Defendant now appeals.

Initially, contrary to defendant's claims, we find that his plea and appeal waiver were knowing, voluntary and intelligent (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Callahan, 80 NY2d 273, 280 [1992]; People v Seaberg, 74 NY2d 1, 11 [1989]). We are also unpersuaded by his contention that he was deprived of meaningful representation by defense counsel's remarks to County Court at sentencing in which counsel reported that de-

fendant wanted to revoke his plea. Indeed, counsel was not bound to independently pursue defendant's baseless pro se motion (*see People v Mills*, 45 AD3d 892, 895-896 [2007], *lv denied* 9 NY3d 1036 [2008]; *People v Caple,* 279 AD2d 635, 635 [2001], *lv denied* 96 NY2d 798 [2001]). Defendant was given fair opportunity to express the sole basis for his pro se request—his uncertainty that he would serve his sentences at Willard—which the court answered by reiterating that it had committed to sentence him to Willard and that he could vacate his plea if it were later determined that this was not possible. Defense counsel did not argue in opposition to defendant's motion, become a witness against defendant or make any statements adverse or in contradiction to defendant on that motion (*see People v Caple,* 279 AD2d at 636; *see also People v Mills,* 45 AD3d at 896). Defendant voluntarily withdrew his motion after being reassured by the court with respect to its Willard promise, and we discern no error or ineffectiveness of counsel.

We agree, however, that the record fails to reflect that defendant was adequately apprised that restitution would be imposed pursuant to the plea agreement and that defendant did not knowingly agree to it,[1] requiring that his sentence be vacated and he be given an opportunity to withdraw his plea or to accept restitution as a component of his sentence (*see People v Tehonica,* 46 AD3d 942, 942-943 [2007]; *People v Snyder,* 23 AD3d 761, 762 [2005]; *People v Neu,* 1 AD3d 798, 798 [2003]). At the outset of the (second) plea, County Court merely stated that "restitution will be reduced to a civil judgment." While defendant subsequently indicated generally that he understood the plea terms and had no questions, restitution was not otherwise specifically mentioned, and neither defendant nor defense counsel agreed that it would be imposed at sentencing as part of the negotiated agreement. Further, the record is silent as to whether defendant was ever advised—prior to sentence being imposed—of the amount (or scope) of restitution, or if defendant or defense counsel ever received a copy of the itemized list of restitution that appears in the record.[2] Under these circumstances, if restitution is ordered, a hearing should be held regarding the appropriate amount (*see People v Tehonica,* 46 AD3d at 943; *People v Snyder,* 23 AD3d at 762-763; *People v*

---

**1.** We do not find that the discussion of restitution during the first plea colloquy—during which the plea was vacated—rectifies the deficiencies in the subsequent plea colloquy which is before us.

**2.** While the presentence report indicates that an order reducing restitution to a judgment was attached, the copy of the report in the record has no attached order (or itemized list), and no victim impact statements are included with the report.

*Thomas*, 6 AD3d 754, 755 [2004]; *see also* CPL 400.30; Penal Law § 60.27), unless agreed to by defendant.

Mercure, J.P., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.