Cardona, P J.
Appeal from a judgment of the County Court of Warren County (Hall, J.), rendered January 31, 2007, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.
Following defendant’s plea of guilty to the crime of criminal possession of a weapon in the third degree, County Court sentenced him, as a second felony offender, to 2 to 4 years in prison and ordered restitution in the amount of $1,995. On appeal, defendant first contends that he was not properly sentenced as a second felony offender in that the People’s predicate felony offender statement did not strictly conform with CPL 400.21. We do not agree. As an initial matter, we note that defendant did not raise any objection to the predicate felony statement at sentencing; thus, this contention is unpreserved *956 (see People v Robertson, 53 AD3d 791, 793 [2008]; People v Ruffin, 42 AD3d 582, 582 [2007], lv denied 9 NY3d 881 [2007]). In any event, the statement, combined with defendant’s answers to the court’s inquiries, established that at the time of sentencing defendant had been convicted of a violent felony offense within the 10-year statutory period, as tolled by an intervening period of incarceration (see CPL 400.21 [2]; Penal Law § 70.06 [1] [b] [iv], [v]). Accordingly, the court substantially complied with the statutory requirements (see People v Bouyea, 64 NY2d 1140, 1142 [1985]; People v Buel, 53 AD3d 930, 932 [2008]; People v Ruffin, 42 AD3d at 582).
We do find persuasive defendant’s argument that County Court erred in imposing restitution at the time of sentencing without first offering defendant the opportunity to withdraw his plea. “Where ... a plea agreement does not include mention of restitution, a defendant must be given the opportunity to either withdraw his plea or accept the greater sentence of restitution” (People v Toms, 293 AD2d 768, 769 [2002] [citation omitted]; accord People v Snyder, 23 AD3d 761, 762 [2005]; see People v Harrington, 3 AD3d 737, 738-739 [2004]). Here, the plea agreement was not committed to writing and the record contains no other indication that restitution was made part of the plea agreement (see People v Branch-El, 12 AD3d 785, 786 [2004], lv denied 4 NY3d 761 [2005]; People v Harrington, 3 AD3d at 738). Notably, the issue of restitution was not mentioned at the time of defendant’s guilty plea, nor did it arise at the sentencing hearing until raised by the clerk after the court had sentenced defendant to a term of imprisonment. Since County Court did not at that time offer defendant the option of withdrawing his plea or accepting the enhanced sentence, the matter must be remitted to County Court for that purpose (see People v Snyder, 23 AD3d at 762-763; People v Toms, 293 AD2d at 769). We note that defendant’s failure to preserve this issue by objecting to the imposition of restitution at sentencing is not fatal to his claim (see People v Snyder, 23 AD3d at 763; People v Branch-El, 12 AD3d at 786).
Spain, Carpinello, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Warren County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.