■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK W. GANTT, Appellant. [881 NYS2d 224]—

Mercure, J.P. Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered July 10, 2008, convicting defendant upon his plea of guilty of two counts of the crime of burglary in the second degree.

In satisfaction of a 21-count indictment and pursuant to a negotiated agreement, defendant pleaded guilty to two counts of burglary in the second degree, waived his right to appeal, and was sentenced as a second violent felony offender to concurrent prison terms of 12 years followed by five years of postrelease supervision. At sentencing, County Court also ordered defendant to pay restitution in the amount of $500. Defendant now appeals, challenging the propriety of County Court's order of restitution.

Preliminarily, under the circumstances presented, defendant's challenge to the order of restitution is not precluded by his waiver of the right to appeal (*see People v Durant*, 41 AD3d 976, 977 [2007]). Turning to the merits, "[w]here . . . a plea agree-

ment does not include mention of restitution, a defendant must be given the opportunity to either withdraw his plea or accept the greater sentence of restitution" (*People v Snyder*, 23 AD3d 761, 762 [2005] [internal quotation marks and citation omitted]; *see People v McDowell*, 56 AD3d 955, 956 [2008]; *People v Sawyer*, 55 AD3d 949, 951 [2008]). Here, a review of the plea colloquy and the sentencing minutes reveals that no mention of restitution was made until the sentence was pronounced. Contrary to the People's assertion, defendant's failure to object to the imposition of restitution at the time of sentencing is not fatal to his claim (*see People v McDowell*, 56 AD3d at 956; *People v Snyder*, 23 AD3d at 763). Accordingly, in light of County Court's failure to afford defendant the opportunity to either withdraw his plea or accept the enhanced sentence of restitution, this matter must be remitted for that purpose (*see People v McDowell*, 56 AD3d at 956; *People v Sawyer*, 55 AD3d at 951). Alternatively, the court may impose the sentence that was promised in the plea agreement (*see People v Snyder*, 23 AD3d at 763; *People v Toms*, 2 AD3d 897, 898 [2003]). In the event that restitution is ordered, a hearing should be conducted as to the appropriate amount (*see People v Sawyer*, 55 AD3d at 951; *People v Tehonica*, 46 AD3d 942, 943 [2007]; *People v Snyder*, 23 AD3d at 763).

Rose, Kane, Kavanagh and Garry, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Clinton County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.