■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN E. SCOTT, Appellant. [902 NYS2d 439]—

Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered November 24, 2008, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant pleaded guilty to the crime of assault in the second degree and waived his right to appeal. County Court sentenced him, as agreed, to a prison term of three years and postrelease supervision of five years, and further imposed a fine and ordered restitution. Defendant now appeals, asserting that County Court failed to advise him that restitution could be a part of his sentence.

While we agree with defendant that the issue is properly before us and not encompassed by his appeal waiver, we nevertheless affirm (*see People v McNulty*, 70 AD3d 1127, 1128 [2010]; *People v Branch-El*, 12 AD3d 785, 786 [2004], *lv denied* 4 NY3d 761 [2005]). During the plea colloquy, defendant was specifically warned by County Court that it could order restitution as part of the sentence. As defendant entered into his guilty plea with full knowledge that restitution could be imposed, County Court was not obligated to permit him to withdraw his plea or otherwise obtain his consent to the restitution component of his sentence (*see People v McKenzie*, 28 AD3d 942, 943 [2006], *lv denied* 7 NY3d 759 [2006]; *cf. People v Sawyer*, 55 AD3d 949, 951 [2008]).

Peters, J.P., Spain, Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.