(July 15, 2010)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN CULCLEASURE, Appellant. [905 NYS2d 682]—

Stein, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered July 30, 2008, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

In satisfaction of a six-count indictment, defendant pleaded guilty to robbery in the second degree and waived his right to appeal. Under the terms of the plea agreement, defendant was to be sentenced to 12 years in prison followed by five years of postrelease supervision. Although County Court imposed this sentence, it also ordered that defendant pay restitution. Defendant now appeals, asserting in his pro se brief that he should have been afforded the opportunity to withdraw his plea before County Court imposed restitution at sentencing.

We agree. Preliminarily, we note that neither defendant's appeal waiver (*see People v Gordon*, 53 AD3d 793, 794 [2008]; *People v Branch-El*, 12 AD3d 785, 786 [2004], *lv denied* 4 NY3d 761 [2005]) nor his failure to preserve this issue through an objection at sentencing (*see People v Snyder*, 23 AD3d 761, 763 [2005]) is fatal to the claim. Turning to the merits, as the record here provides no indication that defendant agreed to pay restitution as part of his plea bargain, County Court should not have imposed the enhanced sentence without first offering defendant the opportunity to withdraw his plea (*see People v McDowell*, 56 AD3d 955, 956 [2008]; *People v Snyder*, 23 AD3d at

762-763; *People v Toms*, 293 AD2d 768, 769 [2002]). Therefore, defendant's sentence must be vacated and the matter remitted to County Court to impose the agreed-upon sentence or to give defendant the option of withdrawing his plea before imposing the enhanced sentence (*see People v McDermott*, 68 AD3d 1453, 1454 [2009]; *People v Pickens*, 45 AD3d 1187, 1188 [2007], *lv denied* 10 NY3d 769 [2008]).

Defendant's remaining contentions, to the extent that they are properly before us, have been reviewed and are determined to be without merit.

Mercure, J.P., Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.