■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNILE R. HARDEN, Appellant. [952 NYS2d 474]—

Malone Jr., J.

In satisfaction of a four-count indictment, defendant pleaded guilty to one count of criminal sale of a controlled substance in the third degree and was sentenced, as a second felony offender, to four years in prison followed by two years of postrelease supervision and ordered to make restitution of $100. On this appeal from the judgment of conviction, defendant first argues that County Court did not advise him at the time of his plea that he would be sentenced as a second felony offender. However, the record before us fails to indicate that defendant preserved this claim by moving to either withdraw the plea or vacate the judgment of conviction (*see People v Mayers*, 74 NY2d 931, 932 [1989]; *People v Campbell*, 66 AD3d 1059, 1059-1060 [2009]). Nor did he preserve by timely objection his further contention that the court failed to comply with the requirements of CPL 400.21 (*see People v Washington*, 89 AD3d 1140, 1142 [2011], *lv denied* 18 NY3d 963 [2012]; *People v Califano*, 84 AD3d 1504, 1506-1507 [2011], *lv denied* 17 NY3d 805 [2011]). However, the People concede that restitution was not a part of the plea agreement. Accordingly, the sentence must be vacated and the matter remitted to County Court to either impose the agreed-upon sentence or give defendant the opportunity to withdraw his plea before imposing the enhanced sentence (*see People v Galietta*, 75 AD3d 753, 754-755 [2010]; *People v Gantt*, 63 AD3d 1379, 1379-1380 [2009]).

Lahtinen, J.P., Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.