(May 22, 2014)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. HULETT, Appellant. [985 NYS2d 923]—

Rose, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered March 24, 2011, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant pleaded guilty in Saratoga County to burglary in the second degree in satisfaction of a two-count indictment and waived his right to appeal. Pursuant to the plea agreement, defendant was to be sentenced to a prison term of seven years followed by a term of postrelease supervision not to exceed five years, and this sentence was to run concurrently with a sentence imposed in Rensselaer County. At sentencing, County Court imposed prison and postrelease supervision terms as agreed and also imposed restitution in the amount of $1,050, at the People's request. Defendant appealed and his assigned counsel then filed an *Anders* brief and moved to be relieved of the assignment. We rejected the *Anders* brief, withheld decision and assigned new counsel to address at least one issue of arguable merit pertaining to the imposition of restitution in connection with the sentence (*People v Hulett*, 108 AD3d 794 [2013]).

The People correctly concede that, because the plea agreement did not mention restitution, defendant should have been given the opportunity to either withdraw his plea or accept the enhanced sentence (*see People v Harden*, 99 AD3d 1108, 1109 [2012]; *People v Galietta*, 75 AD3d 753, 754-755 [2010]; *People v Branch-El*, 12 AD3d 785, 786 [2004], *lv denied* 4 NY3d 761 [2005]). Accordingly, the matter must be remitted to County Court to either impose the agreed-upon sentence or give defendant the option to withdraw his plea before imposing the enhanced sentence (*see People v Harden*, 99 AD3d at 1109). Our decision renders defendant's remaining contention academic.

Peters, P.J., Lahtinen and Garry, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Saratoga County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.