■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIN W. YORK, Appellant. [999 NYS2d 520]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered December 19, 2011, convicting him of operating a vehicle while under the influence of drugs, upon his plea of guilty, and imposing a sentence which included a fine in the sum of $1,000.

Ordered that the judgment is modified, on the law, by vacating so much of the sentence as imposed a fine in the sum of $1,000; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Dutchess County, for further proceedings in accordance herewith.

The defendant pleaded guilty to operating a motor vehicle under the influence of drugs. At the time of the defendant's plea of guilty and sentencing, the County Court asked the defendant if he understood that he was subject to a "mandatory fine," and he replied "Yes." Thereafter, the County Court imposed a sentence which included a term of imprisonment, a period of probation, and a fine in the sum of $1,000.

Contrary to his contention, the defendant pleaded guilty with the understanding that a fine could be imposed (*cf. People v Rossetti*, 55 AD3d 637 [2008]). However, the County Court improperly characterized the fine as "mandatory" (*see* Vehicle and Traffic Law § 1193 [1] [c] [i] [B]; *People v Thomas*, 245 AD2d 1136 [1997]). On this record, it is unclear whether the County Court misapprehended its ability to exercise discretion in determining whether to impose a fine (*see People v Olmstead*, 111 AD3d 1063, 1064 [2013]). Accordingly, we vacate the portion of the sentence that imposed a fine and remit the matter to the County Court, Dutchess County, to exercise its discretion with respect to whether a fine should be imposed (*id.*). Skelos, J.P., Leventhal, Hinds-Radix, Duffy and LaSalle, JJ., concur.