Clark, J.
Appeal from a judgment of the County Court of Sullivan County (McGuire, J.), rendered December 5, 2012, convicting defendant upon his plea of guilty of the crime of burglary in the second degree (seven counts).
Defendant pleaded guilty to burglary in the second degree (seven counts) and waived his right to appeal. County Court thereafter sentenced him to an aggregate prison term of eight years, to be followed by five years of postrelease supervision. County Court further ordered that defendant pay restitution in the amount of $6,939.09. Defendant now appeals.
Initially, defendant’s challenge to the factual sufficiency of his plea is precluded both by his valid appeal waiver and his failure to make an appropriate postallocution motion (see People v Mydosh, 117 AD3d 1195, 1196 [2014], lv denied 24 NY3d 963 [2014]; People v Durham, 110 AD3d 1145, 1145 [2013]).[1] Contrary to defendant’s contention, we find that his statements during the plea allocution did not cast doubt upon his guilt or negate an essential element of the crimes as to trigger the narrow exception to the preservation rule (see People v MacDonald, 113 AD3d 968 [2014]; People v Harrison, 66 AD3d 1057, 1057-1058 [2009]).
Inasmuch, however, as the record before us does not demon *993 strate that the payment of restitution was part of defendant’s plea bargain, County Court should not have imposed the enhanced sentence without first giving defendant an opportunity to withdraw his plea (see People v Culcleasure, 75 AD3d 832, 832 [2010]; People v Branch-El, 12 AD3d 785, 786 [2004], lv denied 4 NY3d 761 [2005]).[2] Accordingly, the sentence must be vacated and the matter remitted to County Court for that purpose or, alternatively, the imposition of the promised sentence (see People v Culcleasure, 75 AD3d at 833; People v Pickens, 45 AD3d 1187, 1188 [2007], lv denied 10 NY3d 769 [2008]). Moreover, the People concede, and we agree, that County Court failed to make a youthful offender determination upon sentencing (see People v Rudolph, 21 NY3d 497, 499-503 [2013]; People v Calkins, 119 AD3d 975, 975-976 [2014]). Accordingly, upon remittal, County Court must also address this issue. Finally, defendant’s challenge to the length of his sentence as harsh and excessive is precluded by his waiver of the right to appeal (see People v Fisher, 119 AD3d 1289 [2014], lv denied 24 NY3d 1043 [2014]; People v Cabezas, 307 AD2d 594, 595 [2003], lv denied 100 NY2d 618 [2003]).
Lahtinen, J.P, McCarthy, Rose and Lynch, JJ., concur.
Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.

. Although defendant does not challenge the validity of his appeal waiver, our review of the record confirms that his oral and written waiver of the right to appeal his conviction and sentence was knowing, intelligent and voluntary (see People v Bradshaw, 18 NY3d 257, 264-265 [2011]).

. We note that neither defendant’s appeal waiver nor his failure to object to the imposition of restitution at sentencing precludes our review of this issue (see People v Culcleasure, 75 AD3d at 832).