*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 18, 2015                    106593
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

MARCUS JACKSON,
                        Appellant.
_____


Calendar Date:  April 30, 2015

Before:  Lahtinen, J.P., Garry, Egan Jr. and Rose, JJ.

                        _____


        John Ferrara, Monticello, for appellant.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel), for respondent.

                        _____


Garry, J.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered October 22, 2013, convicting defendant
upon his plea of guilty of the crime of rape in the third degree.

        Defendant entered a guilty plea to rape in the third
degree, admitting that he had sexual intercourse with a 15-year-
old girl when he was 22 years old.  Pursuant to the plea
agreement, he waived his right to appeal and was sentenced to a
two-year prison term to be followed by 10 years of postrelease
supervision.  Defendant now appeals.

        As an initial matter, the record reflects that defendant's
appeal waiver was knowing, voluntary and intelligent (see People
v Lopez, 6 NY3d 248, 256 [2006]; People v Callahan, 80 NY2d 273,

280 [1992]). County Court carefully explained the nature of the right being waived, including that it was separate and distinct from the trial-related rights automatically forfeited upon a guilty plea, ascertained that defendant had discussed it with his attorney and had no questions about it, and defendant signed a written waiver of appeal in open court (see People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Ramos, 7 NY3d 737, 738 [2006]; People v Toback, 125 AD3d 1060, 1061 [2015], lv denied 25 NY3d 993 [2015]). The valid appeal waiver precludes defendant's challenge to the sentence as harsh and excessive (see People v Lopez, 6 NY3d at 255-256; People v Handly, 122 AD3d 1007, 1008 [2014]).

Defendant's further claims that he was not advised that there would be mandatory surcharges and that County Court should have waived them were not raised before that court and, thus, are not preserved (see People v Young, 81 AD3d 995, 996 [2011], lv denied 16 NY3d 901 [2011]). In any event, we would have found no merit to these claims (see People v Hoti, 12 NY3d 742, 743 [2009]; People v Guerrero, 12 NY3d 45, 47 [2009]). Defendant's challenge to the indictment as duplicitous was forfeited by his guilty plea and appeal waiver, unless this constitutes a jurisdictional defect (see People v Iannone, 45 NY2d 589, 600-601 [1978]; People v Motz, 52 AD3d 1029, 1030 [2008], lv denied 11 NY3d 791 [2008]). The claim of duplicity (see People v Alonzo, 16 NY3d 267, 269 [2011]) does not constitute a jurisdictional defect (see People v Vega, 268 AD2d 686, 687 [2000], lv denied 95 NY2d 839 [2000]) and, thus, this claim was forfeited (see People v Cole, 118 AD3d 1098, 1099-1100 [2014]).

Lahtinen, J.P., Egan Jr. and Rose, JJ., concur.

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court