## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  November 19, 2015                    106621
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

CHRISTOPHER RUBIO,
                    Appellant.
_____

Calendar Date:   October 19, 2015

Before:  McCarthy, J.P., Rose, Devine and Clark, JJ.

_____

        Cliff Gordon, Monticello, for appellant.

        James R. Farrell, District Attorney, Monticello (Hannah
Rose Prall of counsel), for respondent.

_____

Clark, J.

        Appeal from a judgment of the County Court of Sullivan
County (LaBuda, J.), rendered December 19, 2013, convicting
defendant upon his plea of guilty of the crimes of burglary in
the second degree and criminal possession of a weapon in the
second degree.

        In September 2013, defendant pleaded guilty to one count of
burglary in the second degree and one count of criminal
possession of a weapon in the second degree in full satisfaction
of a seven-count indictment upon his admission that he, acting in
concert with another individual, entered a residence, stole five
handguns and, thereafter, possessed a loaded handgun without
permission or license to do so.  In exchange for a sentence of
imprisonment of not less than seven years but no more than 10

years followed by five years of postrelease supervision, defendant agreed to sign a separate and distinct waiver of appeal in open court. At sentencing, the People informed County Court that there was an insurance claim of $400 for damage to the homeowner's gun case and $2,400 for the stolen handguns. County Court sentenced defendant to a prison term of 10 years, followed by five years of postrelease supervision, and imposed $2,800 in restitution. Defendant appeals.

Initially, we reject defendant's assertion that County Court did not properly ensure that defendant knowingly, voluntarily and intelligently waived his right to appeal. A review of the plea minutes reveals that County Court explained to defendant that he was waiving his right to appeal, that defendant explicitly waived his appeal rights without qualification during the allocution and that he was advised by the court that the appeal waiver was separate and distinct from those rights that he forfeited by his guilty plea (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Spellicy, 123 AD3d 1228, 1229 [2014], lv denied 25 NY3d 992 [2015]). Defendant also executed a written appeal waiver, which adequately described the scope of the appellate rights waived and which included defendant's acknowledgment that he was knowingly, voluntarily and intelligently waiving those rights after having been given sufficient time to discuss the consequences of the waiver with counsel (see People v Tyler, 130 AD3d 1383, 1384 [2015]; People v Turner, 126 AD3d 1228, 1229 [2015]). Consequently, the valid waiver precludes review of his challenge to the sentence as harsh and excessive (see People v Lopez, 6 NY3d at 255-256; People v Jackson, 129 AD3d 1342, 1342 [2015]).

Next, defendant argues that, because the plea bargain did not include restitution, County Court erred in ordering restitution and in failing to conduct a restitution hearing. Preliminarily, under the circumstances presented, we note that neither defendant's appeal waiver (see People v Skerritt, 128 AD3d 1110, 1111 [2015]; People v Culcleasure, 75 AD3d 832, 832 [2010]; People v Thomas, 71 AD3d 1231, 1232 [2010], lv denied 14 NY3d 893 [2010]; People v Travis, 64 AD3d 808, 808 [2009]) nor his failure to preserve this issue through an objection at sentencing (see People v Culcleasure, 75 AD3d at 832; People v

McDowell, 56 AD3d 955, 956 [2008]; People v Snyder, 23 AD3d 761, 762-763 [2005]) is fatal to the claim.  Turning to the merits, "[w]here . . . a plea agreement does not include mention of restitution, a defendant must be given the opportunity to either withdraw his [or her] plea or accept the greater sentence of restitution" (People v Snyder, 23 AD3d at 762 [internal quotation marks and citation omitted]; see People v McDowell, 56 AD3d at 956).  Here, a review of the plea colloquy and the sentencing minutes reveals that no mention of restitution was made until the sentence was pronounced, and there is also no evidence in the record to substantiate the amount of restitution requested by the People and awarded by the court (see Penal Law § 60.27 [2]; People v Stevens, 80 AD3d 791, 792 [2011], lv denied 16 NY3d 900 [2011]; People v Travis, 64 AD3d at 808-809).  Indeed, defendant was first made aware that restitution would be imposed at sentencing when the People informed County Court that the victim received insurance proceeds in the amount of $400 for damage to his firearm cabinet and $2,400 for his stolen firearms. Accordingly, in light of County Court's failure to afford defendant the opportunity to either withdraw his plea or accept the enhanced sentence of restitution, this matter must be remitted for that purpose (see People v Gantt, 63 AD3d 1379, 1380 [2009]; People v McDowell, 56 AD3d at 956).  Alternatively, the court may impose the sentence that was promised in the plea agreement (see People v Gantt, 63 AD3d at 1380; People v Snyder, 23 AD3d at 763).  In the event that restitution is ordered, defendant should be offered the opportunity of a hearing as to the appropriate amount (see People v Gantt, 63 AD3d at 1380; People v Sawyer, 55 AD3d 949, 951-952 [2008]).

McCarthy, J.P., Rose and Devine, JJ., concur.

ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court