Rose, J.
Appeal from a judgment of the County Court of Montgomery County (Hoye, J.), rendered July 11, 2013, convicting defendant upon his plea of guilty of the crime of murder in the second degree (two counts).
Defendant pleaded guilty to two counts of murder in the second degree and his plea included a waiver of the right to appeal. County Court thereafter sentenced him to two concurrent prison terms of 25 years to life. County Court further ordered defendant to pay restitution in the amount of $3,048.20. Defendant now appeals.
Contrary to defendant’s contention, his responses during the plea allocution concerning his appeal waiver and his counseled, written waiver executed in open court, which adequately advised him that the right to appeal is separate and distinct from the other rights forfeited by a guilty plea, demonstrate that he knowingly, intelligently and voluntarily waived the right to appeal his conviction and sentence (see People v Merrill, 123 AD3d 1339, 1339 [2014], lv denied 26 NY3d 970 [2015]; People v Frasier, 105 AD3d 1079, 1080 [2013], lv denied 22 NY3d 1088 [2014]; People v White, 96 AD3d 1299, 1299-1300 [2012]). The valid waiver precludes review of his challenge to the sentence as harsh and excessive (see People v Lopez, 6 NY3d 248, 255-256 [2006]; People v Galietta, 75 AD3d 753, 754 [2010]; People v Schwickrath, 23 AD3d 707, 708 [2005]).
As to defendant’s challenge to the imposition of restitution, this issue survives his appeal waiver (see People v Nugent, 31 AD3d 976, 978 [2006], lv denied 8 NY3d 925 [2007]; People v Branch-El, 12 AD3d 785, 786 [2004], lv denied 4 NY3d 761 [2005]). Inasmuch as the record fails to establish that payment of restitution was part of defendant’s plea agreement, we must agree that County Court erred in imposing the enhanced sentence without giving defendant an opportunity to withdraw his plea (see People v Strong, 124 AD3d 992, 992-993 [2015]; People v Culcleasure, 75 AD3d 832, 832 [2010]; People v Branch-El, 12 AD3d at 786). Accordingly, defendant’s sentence must be vacated and the matter remitted to County Court to either impose the agreed-upon sentence or give defendant the option of withdrawing his plea before imposing the enhanced sentence (see People v Strong, 124 AD3d at 993; People v Hulett, 117 AD3d 1279, 1279 [2014]; People v Galietta, 75 AD3d at 754-755).
*1124 McCarthy, J.P., Garry and Devine, JJ., concur.
Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Montgomery County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.