*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 19, 2016                    106907
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                   MEMORANDUM AND ORDER

MITZI C. DUNKELBERGER,
                    Appellant.
_____


Calendar Date:  April 22, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Clark and Mulvey, JJ.

_____


        Cliff Gordon, Monticello, for appellant.

        James R. Farrell, District Attorney, Monticello (Hannah
Rose Prall of counsel), for respondent.

_____


Garry, J.P.

        Appeal from a judgment of the County Court of Sullivan
County (McGuire, J.), rendered June 11, 2014, convicting
defendant upon her plea of guilty of the crime of burglary in the
second degree.

        Defendant pleaded guilty to burglary in the second degree
and was sentenced, in accordance with the terms of the plea
agreement, to a prison term of five years followed by five years
of postrelease supervision.  Defendant now appeals.

        We are unpersuaded by defendant's contention that the
waiver of the right to appeal was invalid.  The record reflects
that in the course of a detailed and thorough allocution, County
Court adequately explained that the right to appeal was separate

and distinct from those rights forfeited by her guilty plea (see People v Richey, 134 AD3d 1254, 1254 [2015]; People v Rubio, 133 AD3d 1041, 1042 [2015]).  The court also confirmed that defendant had sufficient time to discuss her waiver with defense counsel and that she understood its ramifications; defendant also executed a detailed written waiver in open court (see People v Mayo, 130 AD3d 1099, 1100 [2015]; People v Jackson, 129 AD3d 1342, 1342 [2015]).  As such, the record establishes that defendant knowingly, voluntarily and intelligently waived her right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]). Accordingly, defendant's challenge to the severity of the sentence imposed is precluded by the valid appeal waiver (see id. at 255-256; People v Rubio, 133 AD3d at 1042).

Egan Jr., Lynch, Clark and Mulvey, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court