The People of the State of New York, Respondent,
against
Alexander Fernandez, Appellant.




Suffolk County Legal Aid Society (Alfred J. Cicale of counsel), for appellant.
Suffolk County District Attorney (Rosalind C. Gray of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of East Hampton, Suffolk County (Lisa R. Rana, J.), rendered April 2, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of stolen property in the fifth degree, imposed a sentence of three years of probation and a fine of $500, and directed defendant to pay restitution to the victim in the amount of $1,300.




ORDERED that the judgment of conviction is affirmed.
Based on allegations that he had stolen a "dirt bike" from a storage shed in the back yard of a home in East Hampton and possessed the bike, defendant was initially charged with felonies—criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [1]) and burglary in the third degree (Penal Law § 140.20). The People subsequently filed a prosecutor's information charging defendant with criminal trespass in the third degree (Penal Law § 140.10) and criminal possession of stolen property in the fifth degree (Penal Law § 165.40).
On April 2, 2015, defendant, represented by counsel and assisted by a Spanish interpreter, appeared in the Justice Court before Judge Lisa R. Rana. Counsel indicated that there was a disposition. After a second call, the court told defendant, "should you plead guilty to the charge [*2]of criminal possessions [sic] of stolen property [in] the fifth degree in violation of Penal Law 165.40 which is a Class A misdemeanor . . . you would receive concurrent probation as well as a fine and you will be paying $1300.00 for restitution through probation."
Defendant agreed that he was a United States citizen; that he had had the opportunity to discuss this matter with his attorney; that he was satisfied with his attorney's services; and that no one had threatened, harassed or coerced him to enter the plea, which he was entering into of his own free will. Defendant understood that he had a right to a jury trial, including the right to confront the People's witnesses and the right to present witnesses on his behalf. He further understood that by pleading guilty, "it is as though [he had] been found guilty of the charge after having a jury trial." Defendant admitted, among other things, that he had possessed the bike, that it was worth more than $1,000, and that he was not the owner of the bike. 
The court asked defendant how he pleaded to the charge of criminal possession of stolen property in the fifth degree. Defendant responded, "[g]uilty." In imposing sentence, the court stated, "[w]ait [a] minute. I have to fine you. $500.00 fine. No surcharge. Three years probation to run concurrent with your felony probation. $1300.00 restitution, no surcharge because of the restitution and they will run concurrent."
On appeal, defendant argues that the court failed to inform him prior to the plea that it would impose a $500 fine and, thus, that this court should vacate or modify the judgment with respect to the fine. The People disagree, arguing, among other things, that the record reveals that defendant was aware that the plea agreement required that he pay a fine. The People also argue that defendant failed to object to the Justice Court's imposition of the fine, rendering his claim unpreserved for appellate review.
"In any case where the court imposes a sentence of probation, conditional discharge, or a sentence of intermittent imprisonment, it may also impose a fine authorized by article eighty" of the Penal Law (Penal Law § 60.01 [2] [c]). A fine of up to $1,000 may be imposed on a conviction of a class A misdemeanor (see Penal Law § 80.05 [1]). In the case at bar, defendant did not object to the imposition of the $500 fine when the sentence was imposed. Thus, his claim is unpreserved for appellate review (see People v Garcia-Collado, 151 AD3d 982 [2017]).
In any event, defendant's claim lacks merit. Where a court fails to inform a defendant at a plea proceeding that the sentence would include a fine or restitution, the sentence imposed will be vacated, as the fine or restitution was not part of the negotiated plea agreement, and the court may then either impose a sentence excluding the fine or restitution, or afford the defendant an opportunity to withdraw the plea (see People v Sirabella, 148 AD3d 1186, 1186-1187 [2017]; People v Sims, 146 AD3d 820, 821 [2017]; People v Gregory, 140 AD3d 1088, 1089 [2016]; People v Legette, 131 AD3d 546, 546-547 [2015]; People v Rossetti, 55 AD3d 637 [2008]). Here, however, the record indicates that the court told defendant that if he pleaded guilty to criminal possession of stolen property in the fifth degree, a fine would be imposed and he would be directed to pay $1,300 in restitution (see People v Trimm, 295 AD2d 640, 641-642 [2002]; see [*3]also People v York, 123 AD3d 1155 [2014]; People v Scott, 74 AD3d 1582 [2010]; cf. People v Sawyer, 55 AD3d 949, 951 [2008]).
Accordingly, the judgment of conviction is affirmed.
GARGUILO, J.P., MARANO and TOLBERT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 24, 2018