People v Anthony (2026 NY Slip Op 00544)

People v Anthony

2026 NY Slip Op 00544

Decided on February 5, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 5, 2026

113284
[*1]The People of the State of New York, Respondent,
vAlik Anthony, Appellant.

Calendar Date:January 8, 2026

Before:Garry, P.J., Ceresia, Fisher, McShan and Mackey, JJ.

Kelly L. Egan, Rensselaer, for appellant.
Mary Pat Donnelly, District Attorney, Troy (Melissa K. Swartz of Cambareri & Brenneck, Syracuse, of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the County Court of Rensselaer County (Debra Young, J.), rendered September 13, 2021, convicting defendant upon his plea of guilty of the crime of failure to register or verify as a sex offender.
In satisfaction of a three-count indictment, defendant pleaded guilty to failure to register or verify as a sex offender with the understanding that he would be sentenced to a term of imprisonment of 1⅓ to 4 years. The plea agreement required that defendant waive the right to appeal. County Court thereafter imposed the agreed-upon sentence, and defendant appeals.
We affirm. Initially, contrary to defendant's contention, "[w]aiving one's right to appeal as part of a plea agreement is not inherently coercive or against public policy" (People v Galietta, 75 AD3d 753, 754 [3d Dept 2010]; see People v Thomas, 34 NY3d 545, 557-558 [2019]; People v Seaberg, 74 NY2d 1, 7-8 [1989]). We further reject defendant's challenge to the validity of his appeal waiver. The record reflects that County Court advised defendant that a waiver of the right to appeal was a condition of the plea agreement, the court explained that the right to appeal is separate and distinct from the trial-related rights forfeited by a guilty plea and delineated certain appellate rights that survive the waiver, and defendant affirmed his understanding thereof (see People v Delosh, 227 AD3d 1276, 1276 [3d Dept 2024]; People v Ferretti, 209 AD3d 1173, 1173 [3d Dept 2022]). Defendant also executed a written waiver that similarly delineated certain appellate rights that survive the waiver, and defendant confirmed that he had reviewed the waiver with counsel and he understood its terms (see People v Sanchez, 241 AD3d 1675, 1676 [3d Dept 2025], lv denied 44 NY3d 1029 [2025]; People v Moses, 236 AD3d 1201, 1201-1202 [3d Dept 2025]). "Under these circumstances, we are satisfied that the counseled defendant understood the distinction that some appellate review survived and find that defendant's combined oral and written waiver of the right to appeal was knowing, intelligent and voluntary" (People v Sanchez, 241 AD3d at 1676 [internal quotation marks and citations omitted]; see People v Lane, 233 AD3d 1207, 1208-1209 [3d Dept 2024], lv denied 43 NY3d 945 [2025]). Defendant's valid appeal waiver precludes his contention that Correction Law § 168-f "was unconstitutionally vague as applied to him, because it demanded his address when he was homeless and had none" (People v Vega, 239 AD3d 547, 547 [1st Dept 2025] [internal citation omitted], lv denied 44 NY3d 984 [2025]; cf. People v Allen, 213 AD3d 73, 80 [1st Dept 2023]).
Garry, P.J., Ceresia, McShan and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.