People v McNerney

2026 NY Slip Op 03205

May 21, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Terry L. McNerney Jr., Appellant.

Decided and Entered:May 21, 2026

CR-23-1160

Calendar Date: April 17, 2026

Before: Garry, P.J., Clark, Reynolds Fitzgerald, Corcoran And Ryba, JJ.

Rebekah Nellis Kennedy, Loudonville, for appellant.

F. Paul Battisti, District Attorney, Binghamton (Mary E. Saitta of counsel), for respondent.

[*1]

Appeal from a judgment of the County Court of Broome County (Joseph Cawley, J.), rendered March 7, 2022, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.

In satisfaction of a superior court information, defendant pleaded guilty to attempted criminal possession of a controlled substance in the third degree and agreed to waive his right to appeal, upon the understanding that he would be sentenced to time served and five years of probation. Prior to his release pending sentencing, County Court admonished defendant that it would not be bound by the sentencing commitment if he were to "test positive for any controlled substances" and that he would be drug tested upon his return to court. Defendant was further advised of the maximum term of incarceration he could face with a positive drug test, and the matter was adjourned. Defendant subsequently returned to court and tested positive for controlled substances. County Court advised defendant that it was no longer bound by the sentencing commitment and, thereafter, sentenced defendant, as a second felony offender, to an enhanced prison term of four years, to be followed by three years of postrelease supervision. Defendant appeals.

We affirm. Preliminarily, defendant argues that his appeal waiver should be declared void as against public policy, but it is well settled that " 'waiving one's right to appeal as part of a plea agreement is not inherently coercive or against public policy' " (People v Anthony, 246 AD3d 1152, 1153 [3d Dept 2026] [brackets omitted], quoting People v Galietta, 75 AD3d 753, 754 [3d Dept 2010]; see People v Thomas, 34 NY3d 545, 557-558 [2019]). Moreover, contrary to defendant's claim, the waiver of his right to appeal is valid. The record reflects that defendant was aware that an appeal waiver was required as part of the plea agreement, a term that he accepted, and that County Court explained during the plea colloquy that the waiver of appeal was "completely separate and apart" from the trial-related rights forfeited by his guilty plea. Defendant assured the court that he understood the same. Additionally, defendant confirmed that he signed the written appeal waiver, acknowledging that he reviewed it with counsel, who had answered his questions, and that he understood its content, which specifically delineated certain appellate rights that survive the waiver (see People v Terry, 244 AD3d 1378, 1379 [3d Dept 2025]; People v Fassett, 243 AD3d 1023, 1024 [3d Dept 2025]; People v Lewis, 234 AD3d 1209, 1209-1210 [3d Dept 2025], lv denied 43 NY3d 1009 [2025]). Given the valid appeal waiver, as well as defendant being informed of the potential consequences of a positive drug test upon his return to court, defendant's challenge to the perceived severity of the enhanced sentence imposed is foreclosed (see People v Gonzalez, 234 AD3d 1186, 1187 [3d Dept 2025]; People v Lane, 233 AD3d 1207, 1209 [3d Dept [*2]2025], lv denied 43 NY3d 945 [2025]), as is his request that we reduce the sentence in the interest of justice (see People v Roberts, 247 AD3d 1417, 1419 [3d Dept 2026]; People v Jean-Pierre, 203 AD3d 1226, 1228 [3d Dept 2022], lv denied 38 NY3d 1033 [2022]).

Garry, P.J., Clark, Reynolds Fitzgerald, Corcoran and Ryba, JJ., concur.

ORDERED that the judgment is affirmed.