■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ASWAD D. SHABAZZ, Appellant. [784 NYS2d 226]—

Carpinello, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered August 1, 2002, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant pleaded guilty to criminal possession of a controlled substance in the fifth degree and was sentenced on May 2, 1997 to a five-year period of probation. Among the conditions of his probation were that he report to his probation officer as directed and remain within the jurisdiction of the court unless granted permission to leave. In November 1997, after defendant's probation officer attempted unsuccessfully to locate him on a number of occasions and had gathered information leading him to believe that defendant had gone to Ohio, a violation of probation report was filed. Subsequently, a declaration of delinquency and a warrant for defendant's arrest was issued. In August 2002, after defendant was located, a violation of probation hearing was conducted which resulted in a finding by County Court that defendant violated the terms of his probation. Consequently, the court revoked his probation and sentenced him to 2 to 6 years in prison. He now appeals.

Initially, we reject defendant's claim that County Court erroneously found him guilty of violating his probation because his term of probation had already expired. Although the period of probation was originally set to expire on May 2, 2002 and defendant was not found guilty of violating his probation until the hearing on August 1, 2002, County Court issued a declaration of delinquency in December 1997 after the filing of the violation of probation report, which effectively tolled the running of the probationary period (see Penal Law § 65.15 [2]; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 410.30, at 331). Taking the tolling period into account, County Court's determination was rendered when defendant had served less than a year of his probation, not after it had expired. Contrary to defendant's assertion, the testimony of his probation officer, which was uncontroverted at the hearing, established by a preponderance of the evidence that defendant violated the terms of his probation by failing to report to his probation officer and leaving the court's jurisdiction without prior approval (see CPL 410.70 [3]; People v Price, 256 AD2d 596 [1998]). Therefore, we find no reason to disturb the judgment revoking defendant's probation.

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.