■ The People of the State of New York, Respondent, v Jeffrey Haynes, Appellant. [827 NYS2d 713]—

Lahtinen, J. Appeal from a judgment of the County Court of Otsego County (Coccoma, J.), rendered May 31, 2005, which revoked defendant's probation and imposed a sentence of imprisonment.

In October 1998, defendant pleaded guilty to attempted burglary in the third degree and was sentenced to a jail term of six months and a five-year period of probation. The facts relevant to this appeal reveal that, in November 2000, a declaration of delinquency was filed against defendant. A hearing on that declaration was held in January 2003, ultimately resulting in an order extending his period of probation two years and 70 days. In May 2005, following the filing of additional declarations of delinquency, defendant admitted to a willful violation of the terms of his original probation, was sentenced to a jail term of one year and released for time served. Defendant now appeals claiming that his period of probation expired in October 2003 and that it was illegally extended to December 2005, requiring

reversal of the May 2005 judgment revoking his probation and sentencing him to a prison term of one year. We affirm.

Defendant's period of probation was interrupted from the date of the declaration of delinquency (November 17, 2000) to the date of the final determination as to the delinquency (January 27, 2003), a period of two years and 70 days (*see* Penal Law § 65.15 [2]; *People v Douglas*, 254 AD2d 300, 301 [1998], *affd* 94 NY2d 807 [1999]; *People v Shabazz*, 12 AD3d 782, 783 [2004]), and we find no other reason to disturb the judgment.

Cardona, P.J., Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.