[825 NYS2d 757]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAMARA HORVATH, Appellant.

Second Department, December 12, 2006

## APPEARANCES OF COUNSEL

*Lynn W. L. Fahey*, New York City (*Winston McIntosh* of counsel), for appellant.

*Michael A. Cardozo, Corporation Counsel*, New York City (*Barry P. Schwartz* and *Scott Shorr* of counsel), for respondent.

## OPINION OF THE COURT

FISHER, J.

The issue presented on this appeal concerns the consequences of a failure to comply with the statutory requirement that a defendant, alleged to be in violation of probation, be brought promptly before the court to answer the declaration of delinquency. The essential facts are undisputed.

For 13 months beginning on June 1, 1991, the defendant worked as office manager for Dr. Surinder P. Jindal in Fishkill, New York. Over that period, she stole several checks made out to her employer, endorsing and depositing them in her own bank account. The stolen checks totaled in excess of $3,000. The defendant was arrested and ultimately pleaded guilty in County Court, Dutchess County, to a superior court information charging her with grand larceny in the third degree.

On November 15, 1995, the court sentenced the defendant to a term of five years probation, and later transferred probation supervision to the City of New York, where the defendant then lived and worked. The defendant concedes that she stopped reporting to her probation officer sometime in September of 1998, and also ceased making required restitution payments. Additionally, on May 24, 1999, the defendant was arrested for larceny in the State of Connecticut.

On October 6, 1999, the Supreme Court, Kings County, filed a declaration of delinquency against the defendant alleging that

she had violated the terms and conditions of her probationary sentence. A bench warrant for her arrest was issued that same day.

That bench warrant had not yet been executed when, on March 8, 2000, and again on April 26, 2000, the defendant was arrested in New York County on additional larceny charges. She was convicted of grand larceny in the third degree and, on September 15, 2000, was sentenced to an indeterminate term of from 3 to 6 years imprisonment. Before the imposition of that sentence, the New York City Department of Probation (hereinafter the Probation Department) prepared a presentence investigation report dated September 14, 2000, which noted, inter alia, that the defendant was on probation for a felony conviction of grand larceny in the third degree. Following her sentencing, the defendant was transferred to the Bedford Hills Correctional Facility and was continuously held there as an inmate beginning on September 25, 2000. Nevertheless, she was not produced in the Supreme Court, Kings County, to answer the declaration of delinquency until May 9, 2002.

Upon being brought before the court, the defendant did not challenge either the timeliness of the declaration of delinquency or the allegation that she had violated the terms and conditions of her probation. Instead, she argued that, owing to the failure to produce her promptly on the declaration of delinquency, the court lacked jurisdiction to adjudicate her in violation of probation. Specifically, her attorney argued that there was

> "a question as to the jurisdiction of [the] court based upon the failure of the [Probation Department] to exercise due diligence when it had actual knowledge of [the defendant's] incarceration and her impending receipt of a sentence of three to six since the [Probation Department] prepared a presentence report, and within that presentence report it actually stated that [the defendant] was currently on probation."

Thereafter, the defendant filed a formal motion to dismiss the matter on the ground of lack of jurisdiction.

The Probation Department opposed the motion, arguing that it had been diligent in producing the defendant in court after it had located her in the Bedford Hills facility on April 19, 2002. The Probation Department, however, offered no explanation for its failure to locate the defendant there earlier, or to have her produced in Kings County to answer the declaration of delinquency while she was awaiting sentence in New York County.

Nevertheless, the Probation Department maintained that the defendant's motion to dismiss should be denied because any delay in producing her was reasonable and because, in any event, the defendant had suffered no demonstrable prejudice by reason of the delay. The Supreme Court denied the motion, finding that the delay in producing the defendant was not unreasonable.

Thereafter, the defendant admitted that she had violated the terms and conditions of her probationary sentence by having been convicted of grand larceny in the third degree in New York County while on probation. On August 2, 2002, the court revoked her probation and resentenced her to an indeterminate term of from 1 to 3 years imprisonment to run consecutive to the sentence she was then serving on the New York County conviction. The defendant appeals from the amended judgment.

The defendant's principal claim on appeal, as it was in the Supreme Court, is that, by reason of the delay in producing her to answer the allegations in the declaration of delinquency, the Supreme Court lost jurisdiction to adjudicate her in violation of probation. We note at the outset that, although the argument is framed in terms of the court's jurisdiction, a claim that a probationer was not promptly brought before the court following the filing of a declaration of delinquency is subject to the usual rules of preservation (*see People v Douglas,* 94 NY2d 807, 808 [1999]; *People v Williams,* 19 AD3d 868, 869 [2005]). Here, the claim was fully preserved for appellate review.

CPL 410.30 provides that, upon finding reasonable cause to believe that a defendant has violated a condition of his or her sentence of probation, and after filing a written declaration of delinquency, "the court must *promptly* take reasonable and appropriate action to cause the defendant to appear before it for the purpose of enabling the court to make a final determination with respect to the alleged delinquency" (emphasis supplied). Moreover, CPL 410.40 (2) provides that, when a court issues a warrant in connection with a violation of probation, the warrant must direct that the defendant be brought before the court *"without unnecessary delay"* (emphasis supplied). CPL 410.70 (1) provides that a defendant is entitled to a hearing on his or her alleged violation of probation *"promptly* after the court has filed a declaration of delinquency" (emphasis supplied).

It is undisputed that the declaration of delinquency in this case was timely filed. Thus, the critical inquiry is whether the defendant was thereafter promptly brought before the court to

answer its accusations in compliance with CPL 410.30 and 410.70. Under the circumstances presented, we find that she was not.

Unsurprisingly, the statutes that prescribe when a probationer must be brought before the court to answer a declaration of delinquency do not define "promptly" or "without unnecessary delay." We believe, however, that these terms must be interpreted in a way that conforms with fundamental principles of due process.

Like a proceeding to determine whether a parolee has violated parole, a proceeding to determine whether a probationer has violated the terms and conditions of probation is not considered a stage of a criminal prosecution (*see Gagnon v Scarpelli,* 411 US 778, 782 [1973]; *Morrissey v Brewer,* 408 US 471, 480 [1972]), and therefore constitutional and statutory speedy trial guarantees do not strictly apply. Moreover, unlike the comprehensive procedural scheme that operates in the area of parole revocation and includes a 90-day "speedy trial" provision (*see* Executive Law § 259-i [3] [f] [i]), there are no specific statutory deadlines applicable to probation violation proceedings. Nevertheless, because an allegation that a probationer has violated probation may result in a serious deprivation, including the loss of liberty (*see Gagnon v Scarpelli, supra* at 782), the meaning of the command of CPL 410.30 that the court "promptly take reasonable and appropriate action to cause the defendant to appear before it," as well as the requirement of CPL 410.70 (1) that a hearing be held "promptly" after the filing of the declaration of delinquency, must be informed by the basic due process requirement that the violation of probation hearing not be unreasonably delayed (*cf. Matter of Beattie v New York State Bd. of Parole,* 39 NY2d 445, 446-447 [1976] [prior to adoption of Executive Law § 259-i, parolee held to be entitled to a "prompt final revocation hearing"]).

As this Court has held in the context of parole revocation, "[w]hether the disposition was prompt must . . . be governed by many factors—the length of the delay, the reason for the delay and whether the parolee [herself] contributed to the delay" (*People ex rel. Flores v Dalsheim,* 66 AD2d 381, 388 [1979]). In the ordinary case, when determining whether there has been compliance with the prompt production requirements of CPL 410.30 and 410.70 (1), we find it appropriate to consider these very same factors, along with any demonstrable prejudice suffered by the probationer by reason of the delay (*cf. People v Douglas,* 254 AD2d 300, 301 [1998], *affd* 94 NY2d 807 [1999]).

In this case, the declaration of delinquency was filed, and a warrant for the defendant's arrest was issued, on October 6, 1999. In early 2000, the defendant was arrested twice in New York County and, by September 14, 2000, the Probation Department had prepared a report concerning her which noted that she was on probation in this case. Thereafter the defendant was in the custody of a state correctional facility as a sentenced inmate continuously from September 25, 2000, and was available to the Probation Department to be produced on the warrant throughout the period of her incarceration (*cf. People ex rel. Walsh v Vincent,* 40 NY2d 1049 [1976]; *Matter of Beattie v New York State Bd. of Parole, supra* at 447). Yet, she was not produced in court to answer the declaration of delinquency until May 9, 2002, more than 31 months after the declaration of delinquency was filed and nearly 20 months after she began serving her sentence on September 25, 2000. Thus, the Probation Department delayed in producing the defendant for at least 20 months without explanation and, significantly, no part of that delay was occasioned by anything the defendant herself did (*see e.g. People v Cook,* 295 AD2d 622 [2002]).

The Probation Department nevertheless contends that, notwithstanding this substantial and unexplained delay, the defendant is not entitled to relief in the absence of demonstrable prejudice. To begin with, we are not prepared to say that the defendant was not prejudiced in fact. Had the pendency of the violation of probation proceeding been brought to the attention of the Supreme Court in New York County, or had the pending New York case been promptly brought to the attention of the Supreme Court in Kings County which had filed the declaration of delinquency, the defendant might well have had the opportunity to negotiate a more favorable plea bargain, encompassing both proceedings and perhaps involving concurrent jail time (*see* Penal Law § 70.25 [1]; *People v Jackson,* 106 AD2d 93, 96-97 [1984]). In any event, however, as we have said, a determination as to whether there has been a violation of a probationer's statutory right to be brought promptly before the court to answer a declaration of delinquency requires consideration of a number of factors including the length of the delay, the reason for the delay, whether the probationer is responsible in any portion of the delay, and whether the probationer has suffered prejudice as a result of the delay. Ordinarily, no single factor, standing alone, is either necessary or sufficient to warrant relief. Thus, in *People v Douglas (supra* at 301), we held that "the mere delay in pros-

ecuting [a] violation of probation" does not, standing alone, deprive the court of jurisdiction. To the extent that *Douglas* can be read, as the Probation Department does, to suggest that, absent a showing of demonstrable prejudice, a probationer is never entitled to relief for the violation of the statutory obligation to produce him or her promptly to answer a declaration of delinquency, it is not to be followed.*

The Legislature, in clear statutory language, requires the reasonably prompt production of a probationer once a declaration of delinquency is filed, and does not demand a showing of prejudice as a sine qua non for relief. And there seems good reason for that legislative choice. The filing of a declaration of delinquency tolls the period of probation, thereby, in effect, extending the sentence originally imposed (*see* Penal Law § 65.15 [2]; *People v Douglas,* 94 NY2d 807, 808 [1999]; *People v Diaz,* 101 AD2d 841, 842 [1984]). Because the extension continues until the declaration of delinquency is resolved, it is entirely consistent with notions of fundamental fairness for the Legislature to require that reasonable efforts be made to accomplish that resolution promptly without unduly, and perhaps unjustifiably, extending the duration of the defendant's sentence.

On this record, because the Probation Department has offered no legitimate excuse for its failure to bring the defendant promptly before the court on the declaration of delinquency, and because the unexplained delay of approximately 20 months was substantial and is in no way attributable to the defendant's own conduct, we hold that the balance weighs clearly in her favor and therefore the Supreme Court lost jurisdiction to adjudicate her in violation of probation. Accordingly, the amended judgment must be reversed and the matter dismissed (*see People v Jacks,* 235 AD2d 247 [1997]; CPL 410.30, 410.70 [1]).

In light of our determination, we need not reach the defendant's remaining contentions. The amended judgment is reversed, on the law, and the sentence imposed thereon is vacated.

ADAMS, J.P., SKELOS and LUNN, JJ., concur.

Ordered that the amended judgment is reversed, on the law, and the sentence imposed thereon is vacated.

---

* We note that, in affirming *Douglas,* the Court of Appeals found only that the defendant's claim of untimeliness pursuant to CPL 410.30 was unpreserved for appellate review (*see People v Douglas,* 94 NY2d 807, 808 [1999]).