■ The People of the State of New York, Respondent, v Robert Mills, Appellant. [844 NYS2d 492]—

Spain, J. Appeal from a judgment of the County Court of

Schoharie County (Bartlett III, J.), rendered June 14, 2006, which revoked defendant's probation and imposed a sentence of imprisonment.

In June 2000, defendant pleaded guilty in County Court to felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and was sentenced to six months in jail and five years of probation subject to certain conditions, to expire June 20, 2005 (see Penal Law § 60.01 [2] [d]; § 65.00 [3]). In April 2002, he was charged with violating certain terms and conditions of his probation, a declaration of delinquency was filed by the court (see CPL 410.30), he remained incarcerated during the pendency of those charges, and he appeared with counsel and ultimately admitted to certain violations. At sentencing, County Court revoked his original probationary sentence and resentenced him to probation to terminate December 24, 2005. As a condition, defendant was required to complete a drug treatment court program, a condition later amended due to him being rejected by that program. In January 2004, defendant was charged a second time with violating conditions of his probation and a new declaration of delinquency was filed. In June 2004, that violation petition and declaration of delinquency were withdrawn without prejudice, upon defendant's consent, with the understanding that his probation would be again extended to June 23, 2006, i.e., by the period of the pendency of the January 2004 charges, and a modified order reflecting that extension was issued.

In March 2005, defendant was charged—for the third time—with violating the conditions of his probation and a third declaration of delinquency was filed, based upon defendant's March 16, 2005 arrest and incarceration for aggravated unlicensed operation of a motor vehicle in the second degree in Schenectady County, and his termination from the Schenectady County drug treatment court program. Defendant remained incarcerated on that criminal charge in the Schenectady County Jail, and was first produced in County Court in Schoharie County on September 7, 2005 to answer charges for his third probation violation. After several adjournments and settlement conferences, defendant appeared with counsel on December 14, 2005 and, pursuant to a settlement agreement, executed a comprehensive written waiver of appeal and admitted that he violated certain conditions of his probation. At subsequent appearances for resentencing, defendant raised various claims regarding the prior extensions of the period of his probation and the proper expiration dates of his terms of probation; he ultimately moved pro se to dismiss the third violation petition and to terminate

his probation. After lengthy oral argument over several appearances, County Court denied the motion in a detailed written decision. County Court then revoked defendant's probation and resentenced him, in accordance with the settlement agreement, to a prison term of 1⅓ to 4 years. Defendant now appeals.

Defendant contends on appeal that the District Attorney and Probation Department failed as required by CPL 410.30 to "promptly" make arrangements for his appearance in County Court, Schoharie County—while he was incarcerated in Schenectady County Jail—to address the March 2005 (the third) declaration of delinquency. He also argues that, previously, the court had impermissibly extended his period of probation when he was resentenced following the first and second declarations of delinquency; he urges that his term of probation should correctly have expired August 7, 2005 and, thus, he contends that he was no longer subject to probation when first produced on September 7, 2005 on the third declaration of delinquency.

To begin, defendant never timely appealed from the judgments entered in 2000 upon his original guilty plea and sentence, or upon his subsequent extensions of probation in 2002 or 2004 (see Penal Law § 60.01 [2] [b] [a revocable sentence of probation is a "final judgment of conviction"]). Thus, we will not address defendant's contentions regarding judgments which are not before us.

Secondly, defendant never raised any of these contentions prior to his December 2005 admission to violating the conditions of his probation underlying the third (2005) declaration of delinquency, and waiving all appeal rights. Under settled law, a claim that a defendant was denied a prompt hearing pursuant to CPL 410.30 on the violation of probation petition must be raised at the probation violation hearing in order to be preserved for appellate review (see People v Douglas, 94 NY2d 807, 808 [1999]; People v Williams, 19 AD3d 868, 869 [2005]). Since defendant did not raise the issue of due diligence until after the hearing, at which he admitted the charges, the issue of timeliness is unpreserved for our review (cf. People v Horvath, 37 AD3d 33, 36 [2006]).

Moreover, defendant's admission to the charges and appeal waiver foreclose these claims. In our view, defendant's admission and appeal waiver in this probation violation proceeding* should have no less effect than a guilty plea and appeal waiver, which in criminal prosecutions extinguish comparable claims to

---

* Notably, probation violation proceedings are not considered a stage of criminal prosecution and speedy trial guarantees do not apply (see People v Horvath, 37 AD3d at 37).

statutory speedy trial violations (*see People v Friscia*, 51 NY2d 845, 847 [1980]; *People v Hernandez*, 21 AD3d 1214, 1215 [2005], *lv denied* 5 NY3d 883 [2005]) or statute of limitations defenses (*see People v Parilla*, 8 NY3d 654, 659 [2007]). We reject defendant's claim that due diligence claims under CPL 410.30 are of constitutional dimension that "go to the very heart of the process" (*People v Hansen*, 95 NY2d 227, 230 [2000]) or that his other arguments fall under the rubric of sentence legality (*see People v Callahan*, 80 NY2d 273, 280 [1992]). Thus, in addition to not being preserved, defendant's challenges are foreclosed by his admission to violating his probation and his unqualified appeal waiver, neither of which are argued to have been other than voluntary, knowing and intelligent (*see People v Lopez*, 6 NY3d 248, 255 [2006]). As defendant never requested to withdraw his admission to the violation petition, he remains bound by it.

In any event, defendant was in fact still on probation—under the original sentence of probation—when he was charged in March 2005 with the third violation of probation. Accordingly, the declaration of delinquency on the third violation tolled the period of probation (*see* Penal Law § 65.15 [2]), which did not expire while those charges were pending until the date of the final determination (*see People v Shabazz*, 12 AD3d 782, 783 [2004]; *see also People v Douglas*, 94 NY2d at 808; *People v Haynes*, 34 AD3d 1128, 1129 [2006]). Thus, there is no merit to defendant's claim that the court lacked authority to accept his admission to the third violation petition or to impose a sentence thereon. Further, were we to address the issue, we would conclude that the delay in producing defendant in Schoharie County Court was primarily attributable to defendant's incarceration in Schenectady County, that it was not unduly lengthy under the circumstances, and that defendant suffered no demonstrable prejudice as a result (*cf. People v Horvath*, 37 AD3d at 37).

Defendant's final averment on appeal is that he received ineffective assistance of counsel in bringing his pro se motion to dismiss the third violation petition. To the contrary, counsel— who was not removed or substituted as counsel of record—attempted (with County Court and the District Attorney's assistance) to painstakingly and patiently address on the record defendant's claims and concerns, and to answer his questions regarding the sequence of events and recalculations of the expiration date of his term of probation. Counsel had no duty to independently pursue defendant's pro se motion of which he had little notice or opportunity to assist in preparing (*see People*

*v Betsch*, 286 AD2d 887 [2001]); counsel did not impermissibly take an adverse position (*see People v Milazo*, 33 AD3d 1060, 1061 [2006], *lv denied* 8 NY3d 883 [2007]; *People v Caple*, 279 AD2d 635, 636 [2001], *lv denied* 96 NY2d 798 [2001]; *cf. People v Coleman*, 294 AD2d 843, 844 [2002]) but, rather, attempted to support that which counsel believed was arguable, and to explain that which he perceived defendant misapprehended. Defendant's remaining claims also lack merit.

Mercure, J.P., Crew III, Peters and Rose, JJ., concur. Ordered that the judgment is affirmed.