On August 24, 2010, the defendant pleaded guilty to petit larceny in exchange for a promise that he would be sentenced to a period of probation. The defendant agreed, as conditions of probation, to perform community service and to make restitution in the amount of $15,000 by the end of the period of probation. The defendant was sentenced on the same day. Less than a month later, before the defendant’s first restitution payment was due, he sought to change the payment schedule. The Supreme Court, concluding that the defendant knew when he pleaded guilty that he would not be able to make restitution, revoked the sentence of probation and imposed a one-year term of incarceration.
*947 As the People correctly concede, the Supreme Court erred in revoking the defendant’s probation without complying with the requirements of CPL article 410 and in the absence of the defendant’s violation of any of the conditions of probation. The court’s summary finding that the defendant would, in the future, violate a condition of his probation is no substitute for the required determination, upon a preponderance of the evidence, that a defendant “has violated” a condition of probation (CPL 410.70 [3]). Consequently, the amended judgment must be reversed (cf. People v Horvath, 37 AD3d 33, 39 [2006]; People v Avellanet, 272 AD2d 406, 407 [2000]). Inasmuch as the defendant has fully served the one-year term of incarceration imposed upon the revocation of probation, it would not afford the defendant adequate relief to reinstate the original sentence of probation, which has not yet expired. Under the circumstances presented here, we deem it appropriate to modify the original judgment by vacating the sentence of probation imposed by the Supreme Court, and to impose a definite term of incarceration of one year, with credit for time served. Dillon, J.R, Balkin, Leventhal and Chambers, JJ., concur.