Peters, P.J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered January 25, 2011, convicting defendant upon his plea of guilty of the crime of course of sexual conduct against a child in the first degree (four counts).
Defendant was charged in an indictment with four counts of course of sexual conduct against a child in the first degree, stemming from allegations that he subjected his live-in girlfriend’s daughters, both under the age of 11, to repeated acts of sexual conduct. Following commencement of a jury trial and the Feople’s presentation of testimony of numerous witnesses, including both victims, defendant pleaded guilty to the entire indictment.
During the plea colloquy, defendant affirmed that his plea was knowing, voluntary and not coerced. He also stated that he had been provided with sufficient time to discuss the plea with counsel and that he was satisfied with his services. In consideration for defendant’s waiver of his right to appeal, which included a written waiver to that effect signed in open court, the Feople agreed to recommend an aggregate sentence of 35 years in prison. No promise was made by County Court regarding sentencing, although defendant was advised of the maximum potential sentence.[1]
*862 At sentencing, defendant made a pro se motion to withdraw his guilty plea and sought, among other things, an opportunity to seek new counsel. County Court denied the motion without a hearing and sentenced defendant to an aggregate term of 44 years in prison, followed by five years of postrelease supervision. Defendant appeals.[2]
County Court failed to adequately distinguish the right to appeal from those rights that are automatically forfeited upon a guilty plea, thus rendering defendant’s appeal waiver invalid (see People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Veras, 103 AD3d 984, 985 [2013], lv denied 21 NY3d 947 [2013]; People v Cianfarani, 81 AD3d 998, 999 [2011]). Moreover, no mention was made on the record during the course of the allocution concerning the waiver of defendant’s right to appeal his conviction that he was also waiving his right to appeal the harshness of his sentence (see People v Maracle, 19 NY3d 925, 928 [2012]). Nor do we find that the deficiencies in the allocution are cured by defendant’s written appeal waiver, inasmuch as that document erroneously sets forth the purported consideration for the waiver[3] with no attempt to correct the inaccurate information or otherwise detail the correct terms (compare People v Glynn, 73 AD3d 1290, 1290-1291 [2010]).
Next, defendant claims that, in the context of his pro se motion to withdraw his guilty plea, defense counsel improperly took a position adverse to his interests. As a result of this claimed violation of his right to the effective assistance of counsel, defendant argues that County Court erred when it failed to appoint new counsel to pursue his motion to withdraw his guilty plea prior to deciding it on the merits. It is well settled that “assigned counsel ha[s] no duty to participate in [a] defendant’s pro se motion to withdraw his [or her] plea” (People v Trombley, 91 AD3d 1197, 1202 [2012], lv denied 21 NY3d 914 [2013]; see People v Arnold, 102 AD3d 1061, 1062 [2013]; People v Sawyer, 55 AD3d 949, 950-951 [2008]; People v Mills, 45 AD3d 892, 895-896 [2007], lv denied 9 NY3d 1036 [2008]), and “a lack of such support does not constitute a position adverse to the cli *863 ent” (People v Hutchinson, 57 AD3d 1013, 1015 [2008], lv denied 12 NY3d 817 [2009]). Furthermore, while we recently reiterated that when remarks by counsel “ ‘affirmatively undermine[ ]’ ” arguments that a defendant seeks to present pro se to the trial court, the defendant is deprived of the effective assistance of counsel (People v McCray, 106 AD3d 1374, 1375 [2013], quoting People v Vasquez, 70 NY2d 1, 4 [1987]), the record here reveals that the remarks made by defense counsel with which defendant takes issue were made before counsel was aware of the substance of the claims being advanced in defendant’s pro se motion. In fact, following defendant’s presentation of his claims to the court, and well after defense counsel’s statements in response to the court’s questioning, defendant noted that counsel had not “actually review[ed]” the motion. Thus, defense counsel’s negative response to County Court’s inquiry at the outset of the hearing as to whether “there [was] any legal basis in [counsel’s] knowledge to allow [defendant] to withdraw his plea of guilty” was clearly not an opinion on the merits of defendant’s pro se motion — which counsel had not yet reviewed — and, thus, counsel did not thereby take a position adverse to that of his client or affirmatively undermine the arguments that defendant sought to present to the court (see People v Mills, 45 AD3d at 895-896; People v Caple, 279 AD2d 635, 635-636 [2001], lv denied 96 NY2d 798 [2001]; compare People v Mitchell, 21 NY3d 964, 966 [2013]; People v Vasquez, 70 NY2d at 3-4).[4]
While defendant’s challenge to the severity of his sentence is not precluded by the invalid waiver of the right to appeal, we nevertheless reject his claim that the sentence imposed for these heinous crimes was harsh and excessive. Contrary to defendant’s argument, we do not find County Court’s stern remarks at sentencing to be so “intemperate” that modification of the *864 sentence is required (see People v Lopez, 51 AD3d 1210, 1211 [2008]). In our view, “[g]iven the nature of the crimes, defendant’s exploitation of the position of trust he held over the victims and his failure to accept responsibility or express remorse for his actions, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice” (People v Jaeger, 96 AD3d 1172, 1175 [2012], lv denied 19 NY3d 997 [2012]; see People v Dunton, 30 AD3d 828, 830 [2006], lv denied 7 NY3d 847 [2006]).
Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.

. Inasmuch as the maximum permissible sentence for each count was 25 years, an aggregate sentence of 50 years in prison was possible (see Penal Law § 70.80 [4] [a] [i]).

. Although defendant’s notice of appeal misstates the date upon which the judgment was rendered and the number of counts of which defendant was convicted, we exercise our discretion to overlook these inaccuracies and treat the notice as valid (see CPL 460.10 [6]).

. Specifically, the written waiver states that consideration for its execution was provided by a promise as to the sentence imposed by County Court and/or by the People’s consent to the plea. Here, however, the court specifically made no promises regarding sentence and, since defendant exercised his statutory right to plead guilty to the entire indictment (see CPL 220.10 [2]), the People’s consent for the plea was not required.

. We note that, while we have stated that “defense counsel has £no duty to support a motion that he [or she] determined to be without merit” (People v Hutchinson, 57 AD3d at 1015, quoting People v Jones, 261 AD2d 920, 920 [1999], lv denied 93 NY2d 972 [1999]), we do not find that the circumstances presented here — counsel’s apparent unawareness of the substance of defendant’s motion at the time the sentencing hearing began — amount to a dereliction of counsel’s duty. At the hearing, defendant presented his various grounds for withdrawal of his plea in open court, in the presence of defense counsel, and all of defendant’s proffered bases were clearly without merit (see People v Sawyer, 55 AD3d at 950-951). Defendant sufficiently articulated his claims such that counsel could have taken action had a meritorious ground been proffered or other intervention been called for (see People v Mills, 45 AD3d at 895-896). Thus, we see no deprivation of the effective assistance of counsel (see People v Sawyer, 55 AD3d at 950-951; People v Mills, 45 AD3d at 895-896).