# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**805**

**KA 12-01948**

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

ANDREW AVELLINO, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered July 9, 2012. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree and criminal possession of stolen property in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20) and criminal possession of stolen property in the fourth degree (§ 165.45 [1]). We agree with defendant that his waiver of the right to appeal does not encompass his challenge to the severity of the sentence. Although "it is evident that defendant waived [his] right to appeal [his] *conviction*, there is no indication in the record that defendant waived the right to appeal the harshness of [his] *sentence*" (*People v Maracle*, 19 NY3d 925, 928; *see People v Pimentel*, 108 AD3d 861, 862, *lv denied* 21 NY3d 1076). Furthermore, "[a]lthough the record establishes that defendant executed a written waiver of the right to appeal, there was no colloquy between [Supreme] Court and defendant regarding the waiver of the right to appeal to ensure that" defendant was aware that it encompassed his challenge to the severity of the sentence (*People v Carno*, 101 AD3d 1663, 1664, *lv denied* 20 NY3d 1060; *see generally People v Bradshaw*, 18 NY3d 257, 264-266). We nevertheless conclude that the sentence is not unduly harsh or severe.

Entered: July 11, 2014                                   Frances E. Cafarell
                                                        Clerk of the Court