*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 13, 2014                    104887B
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

JOSEPH A. MARCH,
                        Appellant.
_____


Calendar Date:  October 17, 2014

Before:  Stein, J.P., McCarthy, Garry, Lynch and Devine, JJ.

_____


        Allen E. Stone Jr., Vestal, for appellant.

        Gerald F. Mollen, District Attorney, Binghamton (Sandra L.
Cardone of counsel), for respondent.

_____


Lynch, J.

        Appeal from a judgment of the County Court of Broome County
(Pelella, J.), rendered January 20, 2012, convicting defendant
upon his plea of guilty of the crime of grand larceny in the
third degree.

        Pursuant to a plea agreement, which also satisfied other
outstanding charges, defendant waived indictment and pleaded
guilty to grand larceny in the third degree as charged in a
superior court instrument, admitting that he had written checks
to a business for which he knew there were insufficient funds in
his account.  As part of the agreement, he signed a six-page drug
treatment court contract that, among other provisions, contained
a paragraph waiving the right to appeal.  Defendant entered the
plea with the understanding that sentencing would be held in

abeyance and, if he successfully completed a drug treatment program, he would receive a sentence of five years of probation; he was warned that if he did not comply, he could receive a sentence of imprisonment of up to 2⅓ to 7 years in prison. Defendant was terminated from the drug treatment program for violating conditions of the program and was sentenced to a prison term of 2 to 6 years. Defendant appeals.

Upon review of the record on appeal, we agree with defendant's contention that his waiver of the right to appeal was not valid as the record does not reflect that he was adequately advised that the right to appeal is "separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Bradshaw, 18 NY3d 257, 264-266 [2011]; People v Pimintel, 108 AD3d 861, 862 [2013], lv denied 21 NY3d 1076 [2013]; People v Gilbert, 106 AD3d 1133, 1133 [2013]; compare People v Mydosh, 117 AD3d 1195, 1196 [2014], lv denied 24 NY3d 963 [2014]; People v Martin, 105 AD3d 1266, 1267 [2013]). While the court informed defendant that the drug treatment contract he signed as part of the plea agreement included an appeal waiver and elicited that he had reviewed it with counsel and understood and agreed to this condition, neither the colloquy nor the contract made clear that the right to appeal "would otherwise survive a guilty plea" and is not "automatically extinguished upon entry of a guilty plea" so as to reflect that "defendant comprehended the nature of the waiver of appellate rights" (People v Lopez, 6 NY3d at 256-257; see People v Bradshaw, 18 NY3d at 264-267; compare People v Tole, 119 AD3d 982, 982-983 [2014]; People v Henion, 110 AD3d 1349, 1350 [2013], lv denied 22 NY3d 1088 [2014]; People v Diaz, 72 AD3d 1349, 1350 [2010], lv denied 15 NY3d 773 [2010]). As the appeal waiver is invalid, defendant is not precluded from challenging the sentence as harsh and excessive (see People v Lopez, 6 NY3d at 255-256), but we find that his arguments in that regard are without merit. He was fully advised of the consequences of noncompliance with the drug treatment contract, including the maximum prison sentence, and was given every opportunity to succeed in drug treatment, where he repeatedly engaged in dishonest and deceitful behavior. Accordingly, we discern no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Pimintel, 108 AD3d at 864).

Stein, J.P., McCarthy, Garry and Devine, JJ., concur.


ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court