# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1456
KA 13-00940
PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                MEMORANDUM AND ORDER

EDMUND M. SERWINOWSKI, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (MEGAN E. MORAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered May 9, 2013. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]), defendant contends that the waiver of the right to appeal is not valid and challenges the severity of the sentence. We agree with defendant that his waiver of the right to appeal does not encompass his challenge to the severity of the sentence because "no mention was made on the record during the course of the allocution concerning the waiver of defendant's right to appeal his conviction 'that he was also waiving his right to appeal any issue concerning the severity of the sentence' " (*People v Lorenz,* 119 AD3d 1450, 1450, *lv denied* 24 NY3d 962, quoting *People v Pimentel*, 108 AD3d 861, 862, *lv denied* 21 NY3d 1076). Nevertheless, we conclude that the sentence is not unduly harsh or severe.

Entered: January 2, 2015                                    Frances E. Cafarell
                                                           Clerk of the Court