# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**52**
**KA 14-01277**
PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, CARNI, AND WHALEN, JJ.
_____

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                        MEMORANDUM AND ORDER

DANIELLE KELLOGG, DEFENDANT-APPELLANT.
_____

JOHN K. JORDAN, BUFFALO, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF COUNSEL), FOR RESPONDENT.
--------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered May 22, 2013.  The judgment convicted defendant, upon her plea of guilty, of vehicular manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment convicting her upon her plea of guilty of vehicular manslaughter in the first degree (Penal Law § 125.13 [3]), defendant contends that the waiver of the right to appeal is not valid and challenges the severity of the sentence.  Although the record establishes that defendant knowingly, voluntarily and intelligently waived the right to appeal (*see generally People v Lopez*, 6 NY3d 248, 256), we conclude that the valid waiver of the right to appeal does not encompass the challenge to the severity of the sentence because "no mention was made on the record during the course of the allocution concerning the waiver of defendant's right to appeal [her] conviction that [she] was also waiving [her] right to appeal the harshness of [her] sentence" (*People v Pimentel*, 108 AD3d 861, 862, *lv denied* 21 NY3d 1076; *see People v Peterson*, 111 AD3d 1412, 1412).  Nevertheless, on the merits, we conclude that the sentence is not unduly harsh or severe.

Entered:  February 6, 2015                          Frances E. Cafarell
                                                    Clerk of the Court