# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**98**

**KA 13-00489**

PRESENT: SMITH, J.P., CARNI, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

JESSE BONNER, DEFENDANT-APPELLANT

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JODI A. DANZIG OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered October 23, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that his waiver of the right to appeal is not valid and challenges the severity of the sentence. Although the record establishes that defendant knowingly, voluntarily and intelligently waived the right to appeal (*see generally People v Lopez*, 6 NY3d 248, 256), we conclude that the valid waiver of the right to appeal does not encompass the challenge to the severity of the sentence because, although "it is evident that defendant waived [his] right to appeal [his] *conviction*, there is no indication in the record that defendant waived the right to appeal the harshness of [his] *sentence*" (*People v Maracle*, 19 NY3d 925, 928; *see People v Pimentel*, 108 AD3d 861, 862, *lv denied* 21 NY3d 706). Nevertheless, on the merits, we conclude that the sentence is not unduly harsh or severe.

Entered: February 6, 2015                    Frances E. Cafarell
                                             Clerk of the Court