# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**75**

**KA 11-02495**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

MICHAEL KEARNS, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (Jeffrey R. Merrill, A.J.), rendered July 26, 2011. The judgment convicted defendant, upon his plea of guilty, of aggravated criminal contempt.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of aggravated criminal contempt (Penal Law § 215.52 [1]), defendant contends that his waiver of the right to appeal is unenforceable and that his sentence is unduly harsh and severe. Even assuming, arguendo, that defendant's waiver of the right to appeal was knowing, intelligent and voluntary, we agree with defendant that the waiver does not encompass his challenge to the severity of the sentence because " 'no mention was made on the record during the course of the allocution concerning the waiver of defendant's right to appeal his conviction' that he was also waiving his right to appeal any issue concerning the severity of the sentence" (*People v Lorenz*, 119 AD3d 1450, 1450, *lv denied* 24 NY3d 962; *see People v Pimentel*, 108 AD3d 861, 862, *lv denied* 21 NY3d 1076). Nevertheless, we perceive no basis to exercise our discretion to modify his sentence in the interest of justice (*see* CPL 470.15 [6] [b]).

Entered: February 13, 2015                         Frances E. Cafarell
                                                   Clerk of the Court