# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

557

KA 14-00925

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JOSHUA J. FRENCH, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered April 3, 2014. The judgment convicted defendant, upon his plea of guilty, of two counts of driving while intoxicated, class D felonies and two counts of aggravated unlicensed operation of a motor vehicle in the first degree, class E felonies.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his guilty plea, of two counts each of felony driving while intoxicated (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [ii]) and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3]), defendant contends that his waiver of the right to appeal is unenforceable and that his sentence is unduly harsh and severe. We agree with defendant that the waiver of the right to appeal does not encompass his challenge to the severity of the sentence because "no mention was made on the record during the course of the allocution concerning the waiver of defendant's right to appeal his conviction that he was also waiving his right to appeal any issue concerning the severity of the sentence" (*People v Lorenz*, 119 AD3d 1450, 1450 [internal quotation marks omitted], *lv denied* 24 NY3d 962; *see People v Pimentel*, 108 AD3d 861, 862, *lv denied* 21 NY3d 1076). Nevertheless, considering that defendant pleaded guilty to, inter alia, two separate felony charges of driving while intoxicated and received only a local jail sentence, we perceive no basis to exercise our discretion to modify his sentence in the interest of justice (*see* CPL 470.15 [6] [b]).

Entered: May 8, 2015                        Frances E. Cafarell
                                            Clerk of the Court