# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1135

KA 14-00581

PRESENT: SMITH, J.P., PERADOTTO, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                         MEMORANDUM AND ORDER

THOMAS LYON, ALSO KNOWN AS THOMAS J. LYON,
DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF
COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (James J.
Piampiano, J.), rendered January 23, 2014. The judgment revoked
defendant's sentence of probation and imposed a sentence of
imprisonment.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment that, after a
hearing, revoked the sentence of probation previously imposed on his
conviction of grand larceny in the third degree (former Penal Law §
155.35) and sentenced him to a term of imprisonment. Defendant
contends that County Court failed to schedule and conduct a prompt
hearing on his alleged violation of a condition of probation, thereby
violating CPL 410.70 (1). We reject that contention.

Defendant was placed on probation and, at his request, the court
transferred the supervision of probation to the State of Wisconsin.
Defendant was thereafter convicted of several new forgery- and theft-
related felony charges in Wisconsin, and sentenced to prison there. A
Monroe County probation officer filed with the court "an information
for delinquency," i.e., a "request for a declaration of delinquency by
a probation officer" (CPL 410.30), asking the court to issue a
probation warrant for defendant's arrest, and the court issued such a
warrant (*see* CPL 410.40 [2]). That warrant was lodged as a detainer
against defendant in Wisconsin. While serving his sentence in
Wisconsin, defendant wrote several letters to both the court and the
prosecutor in New York, seeking to waive extradition, to be returned
to court in New York, to be assigned counsel, and to plead guilty to
violating the conditions of probation based on his convictions in
Wisconsin. No extradition or transfer proceedings took place,

however, until after defendant had served his Wisconsin prison sentence. Two days after completing his Wisconsin sentence and one day after he was transported to New York, defendant was brought before the court, which committed him to custody and then, after several adjournments to which defendant consented, conducted a hearing pursuant to CPL 410.70. At the conclusion of the hearing, the court found that defendant violated the conditions of his probation and revoked the previously-imposed term of probation. Contrary to defendant's contention, the hearing on his violation of probation was not improperly delayed.

"If at any time during the period of a sentence of probation . . . the court has reasonable grounds to believe that the defendant has violated a condition of the sentence, the court may issue a warrant to a police officer or to an appropriate peace officer directing him or her to take the defendant into custody and bring the defendant before the court without unnecessary delay" (CPL 410.40 [2]). Furthermore, "[t]he defendant is entitled to a hearing . . . promptly after the court has . . . committed him" to custody upon a warrant issued in response to a probation officer's allegation that he violated a condition of his probation (CPL 410.70 [1]). Here, defendant contends that he was deprived of a prompt hearing based upon the four factors set forth in *People v Horvath* (37 AD3d 33, 38), i.e., "the length of the delay, the reason for the delay, whether the probationer is responsible in any portion of the delay, and whether the probationer has suffered prejudice as a result of the delay." We reject that contention. The factors in *Horvath* are based on that Court's conclusion that "the defendant was in the custody of a state correctional facility as a sentenced inmate . . . and was available to the Probation Department to be produced on the warrant throughout the period of her incarceration" (*Horvath*, 37 AD3d at 38). Here, to the contrary, defendant was incarcerated in Wisconsin and, as the Court of Appeals has stated, although "[a] probationer subject to a declaration of delinquency and incarcerated in a New York prison may readily be transported to a New York court for an appearance at a VOP hearing[,] . . . [t]he extradition of such a probationer from an out-of-state prison to New York for an appearance in a New York court is quite another matter" (*People v Feliciano*, 17 NY3d 14, 23). Indeed, the Court of Appeals further noted that "decisions have generally interpreted [the Interstate Agreement on Detainers] to mean that states are not constitutionally obligated to execute detainers lodged out of state against parole or probation violators before their release from prison" (*id.* at 27). Here, the violation of probation detainer was promptly filed in Wisconsin based on the issuance of the probation warrant, defendant was arraigned upon the warrant within two days of completing his Wisconsin sentence and arriving in New York, and any adjournments thereafter were with his consent. Under those circumstances, we conclude that his hearing pursuant to CPL 410.70 (1) was not improperly delayed.

The sentence is not unduly harsh or severe. We have considered defendant's remaining contention and conclude that it is without

merit.

Entered:  November 13, 2015                Frances E. Cafarell
                                           Clerk of the Court