# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

358
KA 13-01938
PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

ERIC L. RICHARDSON, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

--------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered December 23, 2005. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]), and in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of a separate charge of burglary in the second degree (§ 140.25 [2]). Contrary to the contention of defendant in both appeals, his waiver of the right to appeal was knowingly, voluntarily and intelligently entered (*see generally People v Lopez*, 6 NY3d 248, 256). We conclude, however, that the valid waiver of the right to appeal does not encompass the challenge to the severity of the sentence in each appeal inasmuch as Supreme Court failed to advise defendant "that he was also waiving his right to appeal the harshness of his sentence" (*People v Pimentel*, 108 AD3d 861, 862, *lv denied* 21 NY3d 1076; *see People v Peterson*, 111 AD3d 1412, 1412). Nevertheless, on the merits, we conclude that the sentence in each appeal is not unduly harsh or severe.

Entered: April 29, 2016                          Frances E. Cafarell
                                                 Clerk of the Court