People v Kabba (2017 NY Slip Op 04692)





People v Kabba


2017 NY Slip Op 04692


Decided on June 9, 2017


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, NEMOYER, AND CURRAN, JJ.


750 KA 14-00922

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALHASSAN KABBA, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered April 4, 2014. The judgment convicted defendant, upon his plea of guilty, of rape in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of rape in the second degree (Penal Law
§ 130.30 [1]). We agree with defendant that the waiver of the right to appeal does not encompass his challenge to the severity of the sentence. "[N]o mention was made on the record during the course of the allocution concerning the waiver of defendant's right to appeal his conviction that he was also waiving his right to appeal the [severity] of his sentence" (People v Pimentel, 108 AD3d 861, 862, lv denied 21 NY3d 1076; see People v Maracle, 19 NY3d 925, 928). Moreover, the written waiver of the right to appeal signed by defendant does not state that defendant was waiving his right to appeal his sentence. We nevertheless conclude that the sentence is not unduly harsh or severe.
Entered: June 9, 2017
Frances E. Cafarell
Clerk of the Court