People v McIlwain (2018 NY Slip Op 00746)





People v Mcilwain


2018 NY Slip Op 00746


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1429 KA 17-00963

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARION D. MCILWAIN, DEFENDANT-APPELLANT. 






THOMAS J. EOANNOU, BUFFALO, FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered March 5, 2012. The judgment convicted defendant, upon his plea of guilty, of assault in the first degree, attempted robbery in the first degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, assault in the first degree (Penal Law § 120.10 [4]), defendant contends that the waiver of the right to appeal is not valid and challenges the severity of the sentence. Even assuming, arguendo, that defendant's oral waiver of the right to appeal was knowing, intelligent and voluntary, we conclude, and the People correctly concede, that the oral waiver does not encompass his challenge to the severity of the sentence because " no mention was made on the record during the course of the allocution concerning the waiver of defendant's right to appeal his conviction' that he was also waiving his right to appeal any issue concerning the severity of the sentence" (People v Lorenz, 119 AD3d 1450, 1450 [4th Dept 2014], lv denied 24 NY3d 962 [2014]; see People v Kearns, 125 AD3d 1473, 1473-1474 [4th Dept 2015], lv denied 26 NY3d 1040 [2015]). Furthermore, as the People also correctly concede, although the record indicates that defendant signed a written waiver, the written waiver was invalid inasmuch as there was "not even an attempt by the court to ascertain on the record an acknowledgment from defendant that he had, in fact, signed the waiver or that, if he had, he was aware of its contents" (People v DeSimone, 80 NY2d 273, 283 [1992]). We nevertheless conclude that the sentence is not unduly harsh or severe.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court