People v Alolafi (2019 NY Slip Op 02180)





People v Alolafi


2019 NY Slip Op 02180


Decided on March 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 21, 2019

109742

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MELISSA ALOLAFI, Appellant.

Calendar Date: February 13, 2019

Before: Garry, P.J., Egan Jr., Lynch, Devine and Rumsey, JJ.


Donnial K. Hinds, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered June 8, 2017, convicting defendant upon her plea of guilty of the crimes of aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated.
Defendant waived indictment and agreed to be prosecuted by a superior court information charging her with the crimes of aggravated unlicensed operation of a motor vehicle (hereinafter AUO) in the first degree and misdemeanor driving while intoxicated. Pursuant to a negotiated plea agreement, defendant purportedly waived the right to appeal and pleaded guilty as charged, with the understanding that sentencing would be adjourned and she would be allowed to participate in the Schenectady County Drug Treatment Court program. Upon successful completion of the program, it was understood that she would have the opportunity to withdraw her guilty plea to AUO in the first degree and plead guilty to AUO in the third degree, a misdemeanor, and receive two concurrent sentences of three years of probation. It was also agreed that if defendant failed to successfully complete the program, she would be sentenced to 1 to 3 years in prison. After defendant twice absconded from the program and a bench warrant resulted in her arrest, she was sentenced to 1 to 3 years in prison on the AUO in the first degree conviction and a jail term of one year for the driving while intoxicated conviction, with the jail term being merged into the other sentence. Defendant appeals.
We affirm. Preliminarily, we agree with defendant that her appeal waiver was not valid. County Court did not advise her that the right to appeal is separate and distinct from the rights automatically forfeited by a guilty plea (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Herbert, 147 AD3d 1208, 1208 [2017]). Although defendant executed a written waiver, the court did not adequately ensure that defendant had read the waiver or understood its contents or ramifications (see People v White, 163 AD3d 1358, 1358 [2018], lvs denied 32 NY3d 1002, [*2]1009 [2018]; People v Williams, 132 AD3d 1155, 1155 [2015], lv denied 27 NY3d 1157 [2016]).
Contrary to defendant's contention, County Court did not abuse its discretion by sentencing her to a prison term, rather than continuing her in the drug court program, inasmuch as she failed to comply with the clear and unambiguous terms of the plea agreement by twice absconding from the program (see People v Carrasquillo, 309 AD2d 522, 523 [2003], lv denied 1 NY3d 569 [2003]). Further, as to defendant's claim that her sentence is harsh and excessive, the sentence was in accordance with the plea agreement and we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v White, 163 AD3d at 1358-1359; People v March, 122 AD3d 1001, 1003 [2014]).
Garry, P.J., Egan Jr., Lynch and Devine, JJ., concur.
ORDERED that the judgment is affirmed.