■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCE N. PATTERSON, Also Known as BANKS, Appellant. [990 NYS2d 319]—

Garry, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered July 16, 2012, convicting

defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fourth degree (two counts).

In satisfaction of a four-count indictment stemming from the sale of cocaine on two occasions, defendant entered a guilty plea to two reduced counts of criminal sale of a controlled substance in the fourth degree pursuant to a negotiated plea agreement that included a waiver of appeal and of the right to seek post-conviction relief. He was sentenced, as agreed, to concurrent seven-year prison terms followed by two years of postrelease supervision. Defendant appeals.

Upon review of the record, including the plea colloquy and written waiver of appeal, we find that there is an insufficient basis upon which to conclude that defendant's waiver of his right to appeal was knowing, voluntary and intelligent, as neither adequately conveyed "that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256 [2006]; *see People v Bradshaw*, 18 NY3d 257, 264 [2011]; *People v Bressard*, 112 AD3d 988, 988 [2013], *lv denied* 22 NY3d 1137 [2014]; *People v Bouton*, 107 AD3d 1035, 1036 [2013], *lv denied* 21 NY3d 1072 [2013]). Further, although the written waiver bears the same date as the plea proceeding, it was not mentioned during the plea or sentencing proceedings, it was not executed by his counsel, and there was no "attempt by the court to ascertain on the record an acknowledgment from defendant that he had, in fact, signed the waiver or that, if he had, he was aware of its contents" (*People v Callahan*, 80 NY2d 273, 283 [1992]; *see People v Elmer*, 19 NY3d 501, 510 [2012]; *People v Bradshaw*, 18 NY3d at 265; *cf. People v McDuffie*, 89 AD3d 1154, 1156 [2011], *lv denied* 19 NY3d 964 [2012]).

Addressing the merits, we are not persuaded by defendant's contention that his sentence was harsh and excessive. The plea agreement permitted him to plead guilty to two reduced counts of the four upon which he was indicted, and to obtain concurrent, rather than consecutive, sentences of shorter duration than the maximum allowed upon the charges as reduced. The plea agreement did not include a promise by County Court to recommend the Willard Drug Treatment Program; the People opposed such treatment and, ultimately, following review of the presentence investigation, County Court determined that it would not be appropriate (*see People v Tallman*, 92 AD3d 1082, 1083 [2012], *lv denied* 20 NY3d 1065 [2013]). As defendant received the promised sentence, and the record fails to establish the presence of extraordinary circumstances or an abuse of sentencing discretion, we decline to reduce the sentence in the

interest of justice (*see People v Ladieu*, 105 AD3d 1265, 1266 [2013], *lv denied* 21 NY3d 1017 [2013]).

Finally, it is apparent upon review that there is a clerical error in the uniform sentence and commitment form, as it indicates that defendant was sentenced as a second felony offender (*see* Penal Law § 70.06 [3] [c]; [4] [b]), rather than as a second felony drug offender (*see* Penal Law § 70.70 [3] [b] [ii]), and it must be amended accordingly (*see People v Vasavada*, 93 AD3d 893, 894 [2012], *lv denied* 19 NY3d 978 [2012]; *compare People v Whalen*, 101 AD3d 1167, 1170 [2012], *lv denied* 20 NY3d 1105 [2013]).

Peters, P.J., Rose, Egan Jr. and Clark, JJ., concur. Ordered that the judgment is affirmed, and matter remitted for entry of an amended uniform sentence and commitment form.