## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  March 17, 2016                    106757
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

FERNANDO D. JOHNSON,
                        Appellant.
_____

Calendar Date:   January 19, 2016

Before:  McCarthy, J.P., Garry, Lynch and Clark, JJ.

_____

        Susan Patnode, Rural Law Center of New York, Castleton
(Kelly L. Egan of counsel), for appellant.

        Alexander Lesyk, Special Prosecutor, Norwood, for
respondent.

_____

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered March 17, 2014, convicting
defendant upon his plea of guilty of the crime of criminal
possession of a controlled substance in the third degree.

        Defendant pleaded guilty to criminal possession of a
controlled substance in the third degree pursuant to a plea
agreement that included a waiver of appeal.  The plea satisfied a
two-count indictment, which stemmed from the execution of a
search warrant and discovery of cocaine in defendant's
possession.  Defendant admitted his predicate felony conviction
and County Court, as agreed, imposed a prison sentence of six
years with three years of postrelease supervision.  This appeal
ensued.

As a threshold matter, we find that defendant's waiver of appeal was knowing, voluntary and intelligent (see People v Lopez, 6 NY3d 248, 256 [2006]; see also People v Sanders 25 NY3d 337, 340-341 [2015]; People v Jackson, 129 AD3d 1342, 1342 [2015]).  The record reflects that County Court adequately explained the right to appeal and that it was separate and distinct from the other rights automatically forfeited by defendant's guilty plea, as well as the rights that were not forfeited by the appeal waiver (see People v Lopez, 6 NY3d at 256; People v Rubio, 133 AD3d 1041, 1042 [2015]).  Defendant also executed a detailed written waiver in open court that described the scope of the rights being waived and acknowledged that he had sufficient time to discuss it with counsel, after County Court confirmed that he understood the written waiver of appeal and was freely and voluntarily signing it (see People v Ramos, 7 NY3d 737, 738 [2006]; see also People v Bradshaw, 18 NY3d 257, 266-267 [2011]; People v Clapper, 133 AD3d 1037, 1038 [2015]).  Given defendant's valid appeal waiver, his challenge to the sentence as harsh and excessive is foreclosed (see People v Lopez, 6 NY3d at 256; People v Clapper, 133 AD3d at 1038).

Defendant further contends that County Court erred when it refused his request, made for the first time at sentencing, for a sentence of parole supervision that included drug treatment, pursuant to Penal Law § 70.70 (3) (d) (see CPL 410.91).  However, defendant received the sentence promised by the plea agreement – a six-year prison sentence with postrelease supervision – and that agreement did not include any promise by County Court to consider or recommend drug treatment as an alternative, discretionary sentence (see People v Brady, 122 AD3d 1009, 1010 [2014], lv denied 25 NY3d 1160 [2015]; People v Patterson, 119 AD3d 1157, 1158 [2014], lv denied 24 NY3d 1042, 1046 [2014]).  In any event, County Court did not err in concluding that a drug treatment program would not be appropriate or warranted given defendant's criminal history.

McCarthy, J.P., Garry, Lynch and Clark, JJ., concur.

ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court