■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW R. HONNICK, Appellant. [64 NYS3d 615]—

Appeal from a judgment of the County Court of Broome County (Pelella, J.), rendered March 11, 2016, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Defendant waived indictment and, pursuant to a negotiated plea agreement, pleaded guilty to criminal possession of a controlled substance in the third degree in full satisfaction of all then-pending charges. Under the plea agreement, defendant agreed to plead guilty in exchange for the People's recommendation of a three-year prison sentence and two years of post-release supervision with the understanding that County Court would consider him for placement in the Willard Drug Treatment Program or a shock incarceration program (*see* Correc-

---

tion Law art 26-A). At sentencing, County Court declined to place defendant in either the Willard program or a shock incarceration program and sentenced defendant to a prison term of three years, to be followed by two years of postrelease supervision. Defendant now appeals.

We affirm. Defendant's sole contention on appeal is that his sentence is harsh and excessive because County Court rejected his request for placement in the Willard program or a shock incarceration program. The record reflects that County Court honored its commitment to consider defendant for placement in the Willard program and ultimately determined that it was not appropriate in this case given defendant's criminal history (*see People v Patterson*, 119 AD3d 1157, 1158 [2014], *lv denied* 24 NY3d 1046 [2014]; *People v Tallman*, 92 AD3d 1082, 1083 [2012], *lv denied* 20 NY3d 1065 [2013]; *compare People v Muhammad*, 132 AD3d 1068, 1069 [2015]). Inasmuch as County Court found that a drug treatment program would not be appropriate or warranted given defendant's criminal history, and defendant received the promised sentence, we find that the sentence imposed was neither harsh nor excessive (*see People v Patterson*, 119 AD3d at 1158-1159).

Peters, P.J., Lynch, Rose, Rumsey and Pritzker, JJ., concur.
Ordered that the judgment is affirmed.