People v Rivera (2018 NY Slip Op 06153)





People v Rivera


2018 NY Slip Op 06153


Decided on September 20, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 20, 2018

108632

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
AMIR RIVERA, Also Known as STACKS, Appellant.

Calendar Date: August 6, 2018

Before: McCarthy, J.P., Devine, Mulvey, Aarons and Rumsey, JJ.


G. Scott Walling, Slingerlands, for appellant.
Robert M. Carney, District Attorney, Schenectady (Tracey A. Brunecz of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schenectady County (Loyola, J.), rendered December 3, 2015, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
In satisfaction of three indictments charging defendant with multiple drug-related and other crimes, he pleaded guilty to criminal sale of a controlled substance in the third degree and waived his right to appeal, both orally and in writing. In accordance with the terms of the plea agreement, he was sentenced as a second felony offender to a prison term of six years followed by two years of postrelease supervision, to run concurrently to a sentence of one year in jail that was imposed upon his conviction of attempted burglary in the second degree following his violation of probation. Defendant appeals.
Initially, we find defendant's appeal waiver to be invalid. Significantly, the record does not disclose that defendant was advised of the separate and distinct nature of the waiver or that he fully understood its many ramifications (see People v Levielle, 161 AD3d 1391, 1392 [2018]; People v Hart, 160 AD3d 1137, 1138 [2018]). Although defendant's challenge to the severity of his sentence is not precluded, we find that the sentence is neither harsh nor excessive. Defendant's criminal record includes prior drug-related offenses, and he was on probation for an attempted burglary conviction at the time that he committed the crime at issue. In addition, he consented to the sentence as part of the favorable plea agreement disposing of three indictments charging him with a total of 50 crimes. Consequently, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Braye, 161 AD3d 1381, 1381 [2018]; People v Treceno, 160 AD3d 1216, 1216 [2018]). Finally, we note that County Court sentenced defendant as a second felony offender, but this is not reflected in the uniform sentence and commitment form contained in the record. Consequently, the uniform sentence and commitment form must be amended accordingly (see People v [*2]Morrow, 163 AD3d 1265, 1266 [2018]; People v Patterson, 119 AD3d 1157, 1159 [2014], lvs denied 24 NY3d 1042, 1046 [2014]).
McCarthy, J.P., Devine, Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, and matter remitted for entry of an amended uniform sentence and commitment form.