People v Smith (2018 NY Slip Op 07780)





People v Smith


2018 NY Slip Op 07780


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

108349

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JACOB S. SMITH, Appellant.

Calendar Date: October 16, 2018

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Rumsey, JJ.


Tracy Donovan-Laughlin, Oneonta, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Anthony J. Frank of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered December 7, 2015, convicting defendant upon his plea of guilty of the crime of attempted burglary in the third degree.
In satisfaction of a two-count indictment, defendant pleaded guilty to attempted burglary in the third degree in exchange for the People's recommendation of a prison sentence of 1½ to 3 years. Prior to sentencing, defendant's counsel submitted a letter requesting that County Court consider sentencing defendant to parole supervision that would include placement in the Willard drug treatment program. At sentencing, County Court denied defendant's request and, consistent with the plea agreement, sentenced defendant, as a second felony offender, to a prison term of 1½ to 3 years. Defendant appeals.
We affirm. Defendant contends that County Court erred when it refused his request, made prior to and renewed at sentencing, for a sentence of parole supervision that included drug treatment pursuant to Penal Law § 70.70 (3) (d) (see CPL 410.91). Defendant, however, received the sentence promised by the plea agreement, which did not include any promise by County Court to consider or recommend drug treatment as an alternative, discretionary sentence (see People v Johnson, 137 AD3d 1419, 1420 [2016]; People v Brady, 122 AD3d 1009, 1010-1011 [2014], lv denied 25 NY3d 1160 [2015]; People v Patterson, 119 AD3d 1157, 1158 [2014], lvs denied 24 NY3d 1042, 1046 [2014]; People v Rodriguez, 275 AD2d 861, 861 [2000], lv denied 96 NY2d 738 [2001]). Moreover, County Court did not err in concluding that a drug treatment program would not be appropriate or warranted given defendant's "extensive [criminal] history over the last [10] years" (see People v Johnson, 137 AD3d at 1420; People v Patterson, 119 AD3d at 1158; People v Batista, 282 AD2d 825, 826 [2001], lvs denied 96 NY2d 825, 829 [2001]; cf. People v Hernandez, 62 AD3d 1095, 1097 [2009], lv denied 13 NY3d 745 [2009]; People v Graham, 35 AD3d 1039, 1040 [2006], lv denied 8 NY3d 922 [2007]).
Further, while defendant argues that defense counsel was ineffective for failing to obtain a more favorable sentence of parole supervision that included participation in the Willard drug treatment program pursuant to Penal Law § 70.70 (3) (d) (see CPL 410.91 [5]), this claim was not preserved by an appropriate postallocution motion (see People v Warren, 160 AD3d 1286, 1287 [2018]; People v Thomas, 153 AD3d 1445, 1446 [2017], lv denied 30 NY3d 1064 [2017]). To the extent that this claim implicates matters outside the record regarding counsel's efforts, it is more appropriately considered in a motion pursuant to CPL article 440 (see e.g. People v Hayden, 155 AD3d 1309, 1311 [2017]).
Egan Jr., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.